**Herbert M. SIEGEL, d/b/a Siegel, Kelleher, Hirschorn, Munley & Kahn, Plaintiff-Appellee,**

v.

**Robert P. SMITH, Sharon R. Smith, Defendants-Appellants.**

**No. CIV-83-1074E.**

United States District Court, W.D. New York.

Oct. 9, 1986.

Mark G. Hirschorn, Buffalo, N.Y., for plaintiff.

Francis Wm. Tesseyman, Buffalo, N.Y., for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

This appeal from a May 5, 1983 Order of Judge Beryl E. McGuire of the United States Bankruptcy Court for the Western District of New York, raises the question whether a debtor's obligation to pay counsel fees incurred by his spouse in connection with a separation agreement constitutes a non-dischargeable debt under 11 U.S.C. § 523(a)(5) when the husband and the wife have filed jointly for relief under Chapter 7 of the Bankruptcy Code.

Siegel has moved to dismiss this appeal on the ground that the appellants have failed to file a brief. Appellants, however, had previously submitted a brief in 1983 when the appeal was prematurely before this Court.[1] Moreover, although this Court issues a briefing schedule with binding deadlines as to the filing of briefs, such does not impose a requirement that briefs actually be submitted and attorneys may choose, albeit at their peril, not to do so. Inasmuch as the legal issue discussed in appellants' 1983 brief is identical to the issue now before the Court, the filing of a duplicate brief by appellants would be a fruitless exercise; hence, this Court shall deny appellee's motion to dismiss the appeal and proceed to the merits of the case.

On or about October 9, 1980 Robert Smith and Sharon Smith, debtors and defendant-appellants in this case, filed a joint petition for relief under Chapter 7. The record indicates that some months before that time Sharon Smith had engaged Herbert Siegel, plaintiff-appellee in this case, to represent her in a matrimonial action against her husband. Appellee consequently drafted a separation agreement which was dated June 20, 1980. That separation agreement provided, in part, that the "[H]usband shall be responsible for payment of the sum of One Thousand Five Hundred Dollars ($1,500) to the wife's attorneys for their counsel fees in the negotiation and preparation of this Agreement, as well as any subsequent divorce." Separation Agreement at 5.

The court below, relying on *In re Spong*, 661 F.2d 6 (2d Cir.1981), held that the ap-

---

1. *See* this Court's Memorandum and Order dated March 27, 1984 and subsequent Order dated May 18, 1984 dismissing the case without prejudice.

pellants' debt to appellee for counsel fees was non-dischargeable. In the cited case the debtor-husband, prior to filing for bankruptcy, had agreed to pay a percentage of his ex-spouse's counsel fees incurred in a divorce proceeding. Unlike the present case, his ex-spouse did not file for bankruptcy. That court held that a debtor who undertakes to pay his ex-spouse's attorney's fees in connection with a matrimonial action assumes an obligation which is in the nature of alimony and which, therefore, constitutes a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(5). *Id.*, at 8–11.

Appellants contend that, because they filed jointly for bankruptcy, the *In re Spong* holding is inapplicable. Appellants claim that the wife, by virtue of having filed for bankruptcy, is not liable to appellee for the counsel fees and thus that the husband would not be contributing in any way to the wife's alimony or support by paying those fees.

The argument is unpersuasive. When Robert Smith assumed the obligation to pay counsel fees at the time the separation agreement was executed June 20, 1980, he assumed, according to *In re Spong*, an obligation "in the nature of alimony." The spouse's subsequent filing for bankruptcy did not alter the nature of the husband's obligation. Thus, the debt owed to appellee by appellant Robert Smith for counsel fees is non-dischargeable.

Accordingly, the judgment of the bankruptcy court is hereby ORDERED affirmed.