**In re James H. WHITE, Debtor.**

**Grace T. SEHRING, Plaintiff,**

**v.**

**James H. WHITE, Defendant.**

**Bankruptcy No. 86–6.
Adv. No. 86–165.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 23, 1988.

David Steen, Tampa, Fla., for debtor.

Thomas Padgett, Tampa, Fla., for movant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is the dischargeability vel non, pursuant to § 523(a)(5) of the Bankruptcy Code, of an obligation admittedly owing by James H. White (Debtor) to the Plaintiff Grace T. Sehring (Plaintiff), who instituted this adversary proceeding. The Court has considered the Complaint, together with the record, has heard arguments of counsel, and find the facts relevant to a resolution of the matter under consideration as established at the Final Evidentiary Hearing to be as follows:

The Plaintiff and the Debtor were married in the State of Wisconsin in 1960. At the time of the dissolution of the marriage there were two minor children of the marriage, one age 13 and the other age 15. The Debtor, who has a college degree, was engaged in extensive business dealings, primarily being active as a real estate broker and investor. The Plaintiff has a Bachelor of Science degree, with a major in music and she was at one time actually teaching music, although at the time of the dissolution of marriage she was not employed. It should be noted that the Plaintiff remarried since the dissolution of the marriage and is currently married to one Dr. Sehring. The Plaintiff is in good health, and there is no indication in this record that she is unable to pursue her career as teacher of music, but instead, is currently employed and working for her present husband who is a physician.

The amount of liability owed by the Debtor to the Plaintiff, the character of which is the matter under consideration, is in the amount of $63,823.50 in principal, plus additional accrued interest. This obligation has been established by a final decree dissolving the marriage of the Plaintiff and the Debtor entered on November 3, 1981, by the Circuit Court, Family Branch, for the State of Wisconsin (Plaintiff's Exh. 2). The Final Decree *inter alia* made certain findings all of which were based on a Final Stipulation entered into between the Plaintiff and the Debtor signed on the 21st day of October, 1981. (Plaintiff's Exh. 1) The controversy between the parties centers around the interpretation of an obligation set forth in paragraph 3 of the Final Stipulation which provides as follows:

3. Maintenance as defined in Section 747.26 [767.26] Wis. Stats. is hereby denied as to both petitioner and respondent. However, in lieu thereof, and in discharge of a legal obligation imposed upon respondent because of the marital relationship, respondent shall pay the petitioner the sum of $1,150.00 per month in the form of periodic payments, over a period of 121 months. Said payments are payable on the first day of each month, commencing on the first day of October, 1981. Neither the amount nor the term of the periodic payments are

subject to revision by the Court at any further date.

The payments shall be included as income on petitioner's income tax returns beginning in the calendar year 1981, pursuant to Internal Revenue Code Section 71, and shall be an adjustment to income on respondent's income tax return pursuant to Internal Revenue Code Section 215, beginning in the same calendar year.

All periodic payments shall be made in cash, by money order or personal check, and made payable to the Clerk of Courts for Brown County.

In order to assure the faithful performance of respondent's obligation hereunder, the petitioner shall be awarded a second mortgage on the premises located in Pinellas County, Florida, more particularly described as follows:

Apartment No. 115 of Innisbrook Condominium No. 16 a condominium according to the Declaration of Condominium recorded in O.R. Book 3985, Page 11, of the public records of Pinellas County, Florida, together with all of its appurtenances according to the Declaration and being further described in Condominium Plat Book 13, Pages 38–39, together with an undivided 4.60% share in the common elements appurtenant thereto, said Declaration being amended in O.R. 4245, page 1097, which was re-recorded in O.R. 4504, page 901, and as amended in O.R. 4376, page 340.

Subsequent to the entry of the final judgment, the Plaintiff filed a motion in the Circuit Court in Wisconsin and sought a contempt citation against the Debtor for his failure to abide by the lawful orders of the Court associated with child support payments and according to the motion, his failure to live up to the periodic payments obligation due to the petitioner as part of what purports to be, according to the Final Decree, a property division. The Defendant, the Debtor, also filed a motion and sought a modification of the final decree in order to abate payments in the property division payments and also to reduce the support payments. At the hearing on these Motions, the Plaintiff urged the Court to find the Debtor in contempt for his failure to pay the child support and his failure to pay the sum of $1,150.00 a month which, according to counsel for the Plaintiff, was an obligation to pay an interest on said sum for the first year and which was due to Plaintiff as a division of property provided for by the Final Stipulation and the Final Decree. It is to be noted, of course, that counsel for the Plaintiff characterized this payment twice in his preliminary statement as an obligation to pay for a division of property which was in arrears at that time in the amount of $9,200.00. The Court, at the beginning of the hearing announced that the Motion filed on behalf of a Debtor to abate the payments had no merit and had to be denied, because according to the Court's view, the Court no longer had any authority to modify the terms and conditions of the property settlement. (Debtor's Exh. 1)

The Complaint filed by the Plaintiff seeks a determination that the sum of $63,823.50, with interest, should be declared to be a nondischargeable obligation in the nature of alimony or support and the arrearages in the child support obligation of the Debtor should be nondischargeable.

Prior to the Final Evidentiary Hearing, this Court entered a partial summary judgment in favor of the Plaintiff determining that the obligations owed by the Debtor for child support are nondischargeable obligations and authorized the Plaintiff to proceed to enforce the same in spite of a general bankruptcy discharge obtained by the Defendant. This leaves for consideration the legal character of the obligation set forth in Paragraph 3 of the Final Stipulation as incorporated in the Final Decree by the Court which dissolved the marriage.

It is the contention of the Plaintiff that the obligation owed by the Debtor to her for the unpaid obligations under the Final Decree of divorce of the $1,150.00 monthly payments for 121 months is a nondischargeable obligation because due to her conditions and her financial status it should be declared to be in the nature of support

and therefore nondischargeable pursuant to § 523(a)(5).

In opposing the Plaintiff's claim the Debtor urges that the obligation to pay her $1,150.00 per month as set forth in the final judgment and final stipulation is clearly a dischargeable obligation simply because it is not alimony and support, but is property settlement for the following reasons: First the very language used in the stipulation treats the obligation as a property settlement. Most importantly, paragraph 3 of the final decree expressly provides that any maintenance, as defined by § 767.26, Wis. Stats., is denied and in lieu of the same, provided the Plaintiff with periodic payments over 121 months for the total sum of $1,150.00. Paragraph 3 further provides that this amount is not subject to revision by the Court at any further date. In addition, it is the Debtor's contention, and it is without dispute, that as the Plaintiff remarried, and the divorce decree or the final stipulation survived after remarriage, this obligation can not be in the nature of alimony as no alimony continues after remarriage or death under the law of Wisconsin. Moreover, it is clear from the Wisconsin proceeding that the obligation is not subject to modification and therefore loses all its character as alimony and support, if it ever had it, and most importantly of course, the obligation is enforceable only by a judgment and not by a contempt proceeding.

It should be noted also and it is without dispute that as part of the final settlement, the Debtor was required, and did, execute a mortgage on a condominium owned by him in the State of Florida, in a development known as Innisbrook to secure the repayment of the periodic payments. It further appears from the record and is without dispute that the Plaintiff actually instituted foreclosure proceeding of her mortgage when it fell into default. After the Plaintiff paid off the second and first mortgage holders she obtained title to the property, sold the property at foreclosure, and realized $15,000.00 which was the net proceeds after the sale. Based on these reasons, the Debtor argues that the obligation should be deemed dischargeable as it is not includ-

ed in the type of debt governed by § 523(a)(5) of the Bankruptcy Code which provides in pertinent part as follows:

**§ 523. Exceptions to discharge**

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

To accomplish the purpose behind the Bankruptcy Code, that is, to provide the Debtor with a fresh start, it is first assumed that a debt is dischargeable unless the complaining spouse, who bears the burden of proving nondischargeability, proves that the obligation under consideration is actually in the nature of alimony, maintenance, or support. *Tilley v. Jessee,* 789 F.2d 1074 (CA 4 1986). Obligations in the nature of alimony, maintenance or support may include both the payment of money or the transferring of property. *See In the Matter of Breen,* 50 B.R. 454 (Bankr. Del.1985) The determination of the character of the obligation is based on federal, not state, law for purposes of determining dischargeability. *See In re Hall,* 51 B.R. 1002 (Bankr.Ga.1985); *In the Matter of Basile,* 44 B.R. 221 (Bankr.M.D.Fla.1984).

Factors to be considered in determining whether an obligation is in the nature of alimony, support, or maintenance include whether the obligation is subject to contingencies such as remarriage or death, whether payment appears to balance disparate incomes, whether the obligation is payable in installments or in a lump sum,

whether there are minor children, whether there was in fact a need for support at the time it was awarded, the structure and terms of the final decree, whether the award is modifiable, the matter of enforcement of the award, and whether there was a division of property and debts. *See In re Bell,* 47 B.R. 284 (Bankr.E.D.N.Y.1985) *See In the Matter of Basile, supra; In the Matter of Rachmiel,* 19 B.R. 721 (Bankr.M. D.Fla.1982); *In the Matter of Newman,* 15 B.R. 67 (Bankr.M.D.Fla.1981). Further, a court will look to the substance of the agreement or the final decree dissolving the marriage rather than the label the parties elected to use or the court placed on the particular obligation in determining the character of the debt. *See In re Usher,* 442 F.Supp. 866 (N.D.Ga.1977). Thus, it is clear that in determining whether an obligation is intended for support of a spouse within the meaning of § 523(a)(5) of the Bankruptcy Code, the Court must look beyond the language of the decree to the intent of the parties and to the substance of the obligation. *Shaver v. Shaver,* 736 F.2d 1314 (Ct.App.Nev.1984)

Applying the foregoing principles to the facts developed in this case there is hardly any doubt that the obligation under consideration is not an obligation to support and is not an award of alimony because, as noted, it is not enforceable by contempt, it survives remarriage or death and it is not subject to modification. While the labels are not determinative it clearly refers to and was characterized as a property settlement both by the counsel for the Plaintiff, by the Circuit Court in Wisconsin, by the clear language of the Final Stipulation and by the Final Decree.

In sum, this Court is satisfied that this is a dischargeable obligation and therefore a final judgment will be entered in accordance with the foregoing.