**In re Armond L. MESSNICK and Vera Messnick, Debtors.**

**Eileen N. MESSNICK, Plaintiff,**

**v.**

**Armond L. MESSNICK, Defendant.**

**Bankruptcy No. 88–01713.**
**Adv. No. 88–0236.**

United States Bankruptcy Court,
E.D. Wisconsin.

April 24, 1989.

Robert E. Sutton, Milwaukee, Wis., for plaintiff.

James A. Hiller, Milwaukee, Wis., for defendant.

## DECISION

M. DEE McGARITY, Bankruptcy Judge.

## PROCEDURE

This matter comes before the court upon cross motions for summary judgment by the plaintiff and the debtor/defendant, former husband of the plaintiff. Both parties agree that there are no genuine issues of material fact, and the case turns on a legal interpretation of the parties' judgment of divorce rather than a factual determination. Bankruptcy Rule 7056.

The plaintiff seeks a determination that all or part of the obligation of the debtor to pay her $135,000, plus 12% interest, in "periodic payments" in the amount of $1,889.26 per month, payable for 126 months beginning February 1, 1982 (or February 1, 1981—there are conflicting dates in the judgment), is nondischargeable as being "in the nature of alimony, maintenance, or support" under 11 U.S.C. § 523(a)(5)(B).[1] Bankruptcy Rule 4007(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## FACTS

The parties were married in 1963. Incident to a divorce in 1981, they agreed to custody and visitation issues concerning their two minor children and to a partial division of property. On March 17, 1981, a trial was held in which the court determined issues of support, valuation of the husband's business, a seedling farm and pension plan, and the division of the remaining assets. Judgment was entered on April 13, 1982.

At the time of the divorce, the parties were both 35 years old and in excellent health. The children were 17 and 14. The plaintiff had primary physical custody, and they resided with her. She worked part-time as a registered nurse making about $8,000 per year, although the court found that she could make about $17,000 per year if she worked full-time. The debtor operated his own business and earned $85,000 in 1979 and $112,500 in 1980.

The court awarded the plaintiff family support of $1,500 per month until the younger child reached the age of 18 (January 9, 1985) or until she graduated from high school. Thereafter, family support was set at $1,000 per month until February 1, 1992. The parties agree that this portion of the judgment is nondischargeable under 11 U.S.C. § 523(a)(5).

At the time of trial, the parties had agreed that the husband receive rental properties having an equity of $48,000 and that the wife receive $24,000 from that equity. They also agreed to valuations of certain property. The rest of the property was valued and divided by the court as follows:

| ITEM | HUSBAND | WIFE |
|---|---|---|
| Homestead (equity) | | $ 78,200.00 |
| Household Furniture | $ 1,750.00 | $ 17,500.00 |
| Boat | $ 1,700.00 | |
| Life Insurance | $ 1,390.00 | $ 500.00 |
| Businesses | $423,000.00 | |
| Pension | $ 48,000.00 | |
| Corvette | $ 6,000.00 | |
| Cash Paid to Wife in Two Installments | ( 29,100.00) | $ 29,100.00 |
| Periodic Payments to be Paid over 126 Months | (135,000.00) | $135,000.00 |
| TOTAL | $317,740.00 | $260,300.00 |
| | 55 percent | 45 percent |

The court arrived at the value of $578,000 (rounded off) for the total property, assigned the husband and wife 55% and

---

1.

 \* \* \* \* \* \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property

settlement agreement, but not to the extent that—

 \* \* \* \* \* \*

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

11 U.S.C. § 523(a).

45% respectively, assigned appropriate assets to each and calculated the cash needed to balance each side to give the assigned percentage to each side. In addition, the husband was ordered to make payments on the home awarded to the wife. The dischargeability of this obligation is apparently not contested.

The husband was also ordered to pay a portion of the wife's attorney fees.

## DISCUSSION

The dischargeability of liabilities arising under a judgment of divorce is one of the most frequently litigated issues to come before bankruptcy courts. Reported cases interpreting such judgments are oppressively numerous. The reason is that liabilities for support are nondischargeable and liabilities for property division are dischargeable unless they are "actually in the nature of alimony, maintenance or support." 11 U.S.C. § 523(a)(5)(B). This support/property division dichotomy must be applied to liabilities that do not neatly fit into either category and were not created with such categories in mind.

■■ A number of principles have emerged to aid the bankruptcy court in determining the nature of the obligation. Cases are uniformly in agreement that whether a liability is a dischargeable property division or a nondischargeable support obligation is a federal and not a state law question. *In re Jenkins,* 94 B.R. 355, 359 (Bankr.E.D.Pa.1988); *In re Vande Zande,* 22 B.R. 328, 330 (Bankr.W.D.Wis.1982); *In re Bailey,* 20 B.R. 906, 909 (Bankr.W.D. Wis.1982). The burden of proof is on the party objecting to the discharge. *Id.* The standard for such proof is by the preponderance of the evidence. *In re Borbidge,* 90 B.R. 728, 734 (Bankr.E.D.Pa.1988). Exceptions to discharge must be narrowly construed in favor of the debtor. *In re Shine,* 802 F.2d 583, 585 (1st Cir.1986). The label given the obligation by the parties or the state court and the form of the award are not determinative of the federal question, but the bankruptcy court may be guided and informed by the law of the state governing the divorce and the parties'

marital obligations. *Id.; In re Chambers,* 36 B.R. 42, 44–45 (Bankr.W.D.Wis.1984). There is no distinction between a judgment entered by agreement of the parties or by the court. *In re Brown,* 74 B.R. 968, 971–72 (Bankr.D.Conn.1987). The purpose of the bankruptcy court's inquiry is to determine whether the parties or the divorce court intended the obligation to be in the nature of a property division or support and whether the actual effect of the obligation resulted in a property division or provided support. *In re Calhoun,* 718 F.2d 1103, 1109 (6th Cir.1983); *In re Jenkins, supra,* at 359–60. If necessary, the court may look beyond the document to the circumstances of the parties at the time of divorce, although the parties in this case apparently believed that to be unnecessary in light of the divorce court's detailed findings of fact. *See Roberts v. Poole,* 80 B.R. 81 (N.D.Tex.1987). The inquiry of the bankruptcy court addresses the nature of the obligation at the time of the divorce, and the current needs of the recipient spouse are irrelevant. *In re Fryman,* 67 B.R. 112 (Bankr.E.D.Wis.1986).

■■ Cases and commentary abound with factors a court may consider to classify a particular obligation as property division or support. *See, e.g., In re Stone,* 79 B.R. 633 (Bankr.D.Md.1987), *citing In re Coffman,* 52 B.R. 667 (Bankr.D.Md.1985) (18 factors); *In re Alloway,* 37 B.R. 420 (Bankr.E.D.Pa. 1984) (11 factors); Bkr.—L.Ed. Summary § 7:120:5 (Supp. 1A, Jan. 1989) (34 factors). The factors gleaned from these cases that might apply to the $135,000 periodic payments in this case are, in no particular order, as follows:

1. Whether a maintenance award is also made for a spouse.

2. Whether there was a need for support at the time of the divorce and whether support would be inadequate absent the obligation in question.

3. Whether the court intended to provide for support by the obligation in question.

4. Whether the debtor's obligation terminated at the death or remarriage of the recipient spouse.

5. Whether the amount or duration of payments can be altered upon a change of circumstances.

6. The age, health, educational level, work skills, earning capacity and other financial resources of the parties independent of the obligation in question.

7. Whether payments are extended over time or are in a lump sum.

8. Whether the debt is characterized as property division or support under state law.

9. Whether the obligation balances disparate incomes of the parties.

10. Tax treatment of payments.

11. Whether one party relinquished a right to support under state law in exchange for the obligation in question.

 The $135,000 award of the divorce court is obviously a property division under Wisconsin law (factor # 8). The court arrived at the amount to be paid by valuing the property and awarding each a percentage. The wife's percentage included this obligation. She was to receive interest, and the resulting amount was payable over 126 months, not because the payments were not a division of property, but to take advantage of the deductibility of periodic payments made over ten years under § 71 of the Internal Revenue Code in effect at the time (factors # 7, 10). The wife was directed to declare these payments as taxable income, and the husband was authorized to deduct them on his income tax returns. The judgment provided these payments were not contingent upon the wife's death or remarriage but would accrue to her estate if she died (factor # 4). The only circumstance under which a change in the amount of each payment might occur was an adjustment for tax treatment if tax law changed, but the effect of this would be to keep the obligation constant notwithstanding any change in any other circumstances of the parties (factor # 5). There was a separate award for "family support." This may be awarded as a substitute for both maintenance and child support under Wis. Stat. § 767.261, again to take advantage of tax deductibility for the payor (factor # 1). All of these factors point toward an obligation that is part of a property division, and the tax treatment of the payments, although like maintenance, is not inconsistent with the classification of property division under the circumstances. *See, e.g., In re White*, 84 B.R. 818 (Bankr. M.D.Fla.1988).

Other aspects of this arrangement, however, indicate that the court intended these payments as support and they actually constituted support for the wife. Most compelling are the statements by the court as follows:

> The court, in structuring these payments, has very carefully considered the respondent's [wife's] monthly budget as well as the petitioner's [husband's] earning record, and the court has also very carefully structured said order in a manner that would minimize the tax consequences to each party.

> \* \* \* \* \* \*

> This court has structured the division of the estate and family support bearing in mind the gross disparity between the earning capacity of the petitioner and respondent, and mindful of the fact that the respondent and the minor children are entitled to enjoy a standard of living reasonably comparable to that enjoyed during the marriage.

> It is the feeling of this court that she can obtain this by virtue of the division of estate and family support and her own limited income.

(factors # 2,3,9)

In other words, for the wife and children to have an appropriate standard of living, the wife must use money from all three sources available to her: her earnings, family support *and* the periodic payments. The court also stated:

> The division of the marital estate and maintenance are closely related and cannot be viewed in a vacuum from one another. *Johnson v. Johnson*, 78 Wis.2d 137, [148, 254 N.W.2d 198, 204 (1977).]

The court in this particular case must condition its property division on a further factor; namely, that maintenance is required on this record in addition to the division of the marital estate. [factor # 6]

The Court carefully considered the factors in 767.255 as well as the maintenance factors set forth in Section 767.26, Wis. Stats.

Apparently, the larger amount of the property was awarded to the husband because he was ordered to pay support. *See* Wis. Stat. § 767.255(8).

Finally, the court described the periodic payments "[a]s a partial discharge of the petitioner's general marital obligations to the respondent." The husband's "general marital obligations" would include his obligation to support his wife as well as to divide their property (factor # 11).

In spite of the fact that the periodic payments awarded to the wife in the judgment of divorce were part of the property division of the parties, this court must conclude that these payments were intended for and were actually for her support. That need for support and consideration of the wife's budget and income by the divorce court are in contrast to *In re White, supra,* which found that at the time of the divorce, the wife was fully employable and was not awarded maintenance. That bankruptcy court construed periodic payments as a property division. Such difference in the court's findings warrants a different result here.

While the wife's attorney suggests that the payments could be arbitrarily allocated as partly support and partly property division, the divorce court made no such allocation, nor will this court. All periodic payments were "actually in the nature of alimony, maintenance or support" and are nondischargeable under 11 U.S.C. § 523(a)(5).

An order will be entered accordingly.

All payments due under the divorce judgment were to be made through the Clerk of the Milwaukee County Circuit Court. That court is responsible for enforcing payments of divorce obligations and is fully capable of determining the arrearages and any remaining amounts due for family support and periodic payments. *See* Wis.Stat. § 767.305. Therefore, this court need not do so.

This decision constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.