**In re Wayne Douglas WISNIEWSKI, Debtor.**

**F. William RUSSO, Plaintiff,**

v.

**Wayne Douglas WISNIEWSKI, Defendant.**

**Bankruptcy No. 89–00183.
Adv. No. 89–0097.**

United States Bankruptcy Court,
E.D. Wisconsin.

Jan. 12, 1990.

Diane Loftus, Milwaukee, Wis., for F. William Russo.

Wayne Douglas Wisniewski, pro se.

## DECISION

M. DEE McGARITY, Bankruptcy Judge.

This proceeding is an offshoot of that most bitter and contentious form of litigation—the divorce of parents and the disputed custody of their minor children. The plaintiff was the former wife's attorney. The debtor/defendant is the former husband, who is obligated by the judgment of divorce to pay a portion of the attorney fees incurred by his former wife in the divorce action. The attorney asks that this court find those fees nondischargeable as support; the debtor asks that they be discharged as property division. For the reasons stated herein, I find that the debtor's obligation is nondischargeable.

## BACKGROUND

Linda and Wayne Wisniewski were married in 1983. Two children were born to the couple: Chrisanne, born September 30, 1983, and Nicholaus, born October 6, 1986. When the marriage soured, Linda initially moved out and left the children with Wayne. During that time, there was a temporary order requiring that she pay $200 per month child support. Later, she requested sole custody as part of the final judgment. After three days of trial, the circuit court awarded her custody on November 28, 1988. Wayne was ordered to pay child support of 25% of his gross income from all sources in accordance with the support standards required by Wis. Stat. § 767.25(1j), with the initial amount set at $545.24 per month.

The remaining issues incident to the divorce were resolved by agreement and placed on the record on December 5, 1988. Maintenance (alimony) was waived by Linda. Wayne received the homestead valued at $26,000 and subject to a lien of $44,000, and vacant land in Rusk County, Wisconsin, valued at $5,000 and subject to a lien of $3,000. Other assets were nominal, with the result that the estate to be divided had a negative value. Wayne's pension plan was to be divided in kind at a later date. The major debts were for Wayne's attorney fees for several attorneys that represented him in the divorce, and for which only he was liable. He was the only liable party on the home mortgage. Wayne also agreed to pay $2,000 to the plaintiff, Linda's attorney. The attorney was given a lien on the Rusk County land to secure those fees, but Wayne filed his Chapter 7 bankruptcy before the divorce judgment was entered or recorded. Consequently, the lien is unperfected and is not at issue. Wayne's property is sufficiently minimal to be within the federal exemptions, and the trustee filed his report of no distribution. Additional facts will appear in the discussion section of this decision.

## DISCUSSION

Stated simply, 11 U.S.C. § 523(a)(5)[1] makes obligations owed for alimony, maintenance and support of a child or former spouse nondischargeable. Conversely, obligations arising out of a property division are dischargeable. The determination of the category of a particular obligation, however, is not simple. Bankruptcy courts must fit those obligations into pigeon holes for which they were not in-

---

1. § 523 Exceptions to discharge.
    (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
    (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record,

determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

\*    \*    \*    \*    \*    \*

    (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;
11 U.S.C. § 523(a)(5).

tended, because neither the parties nor the divorce court contemplated the effect of a subsequent bankruptcy when the obligation arose. This court cannot say that when Linda and Wayne negotiated the attorney fee provision in their divorce judgment that they consciously intended for it to be either property division or support; to form such intent they would have to have known the legal consequences of a bankruptcy that might follow. *In re Alloway*, 37 B.R. 420, 425 (Bankr.E.D.Pa.1984). They were wrapping up a bitter fight, and this provision was just part of the package. They did not intend to classify the obligation; they only intended that it be paid. This court must, therefore, determine their constructive intent. To do so, the court must measure the effect or function of this provision as revealed by the acts and circumstances of the spouses at the time of the divorce. *Id.; In re Jenkins*, 94 B.R. 355, 360 (Bankr.E.D.Pa.1988).

▮ A number of principles must be applied when bankruptcy courts determine whether an obligation is excepted from the discharge by 11 U.S.C. § 523(a)(5). Federal, not state, law determines the result, although the court may be guided and informed by the way the obligation is characterized by the state court and by how the particular obligation is addressed by state law. *Shine v. Shine*, 802 F.2d 583, 585 (1st Cir.1986); *In re Messnick*, 104 B.R. 89 (Bankr.E.D.Wis.1989); *In re Hicks*, 65 B.R. 227, 228 (Bankr.D.N.M.1986). The parties' circumstances at the time of the divorce control, not their circumstances at the time of the bankruptcy. *Sylvester v. Sylvester*, 865 F.2d 1164, 1166 (10th Cir.1989); *In re Fryman*, 67 B.R. 112 (Bankr.E.D.Wis. 1986). The burden of proof is on the party objecting to the discharge. *Messnick, supra* at 92. *Jenkins, supra* at 359. The standard for such proof is by the preponderance of the evidence. *Messnick, supra; In re Borbidge*, 90 B.R. 728, 734 (Bankr.E. D.Pa.1988). Exceptions to discharge must be narrowly construed in favor of the debtor. *Shine, supra; Messnick, supra* at 92. If necessary, the bankruptcy court can look beyond the judgment of divorce and beyond the evidence before the divorce court to evaluate the circumstances of the parties, which will in turn assist in classifying the obligation as support or property division. *See Roberts v. Poole*, 80 B.R. 81 (N.D.Tex. 1987).

▮ When an obligation does not clearly fall into the category of support or of property division, bankruptcy courts have assembled a number of factors that can be applied to aid in the inquiry.[2] Obviously,

2. *See, e.g., In re Coffman*, 52 B.R. 667, 674–75 (Bankr.D.Md.1985);

1. Whether there was an alimony award entered by the state court.
2. Whether there was a need for support at the time of the decree; whether the support award would have been inadequate absent the obligation in question.
3. The intention of the court to provide support.
4. Whether debtor's obligation terminates upon death or remarriage of the spouse or a certain age of the children or any other contingency such as a change in circumstances.
5. The age, health, work skills, and educational levels of the parties.
6. Whether the payments are made periodically over an extended period or in a lump sum.
7. The existence of a legal or moral "obligation" to pay alimony or support.
8. The express terms of the debt characterization under state law.
9. Whether the obligation is enforceable by contempt.
10. The duration of the marriage

11. The financial resources of each spouse, including income from employment or elsewhere.
12. Whether the payment was fashioned in order to balance disparate incomes of the parties.
13. Whether the creditor spouse relinquished rights of support in payment of the obligation in question.
14. Whether there were minor children in the care of the creditor spouse.
15. The standard of living of the parties during their marriage.
16. The circumstances contributing to the estrangement of the parties.
17. Whether the debt is for a past or future obligation, any property division, or any allocation of debt between the parties.
18. Tax treatment of the payment by the debtor spouse.
*See also In re Stone*, 79 B.R. 633 (Bankr.D.Md. 1987). An additional consideration could be whether the amount is so excessive that it is unreasonable under traditional concepts of support. *In re Singer*, 787 F.2d 1033 (6th Cir.1986).

not all of these factors will apply in a particular case, but in general, an obligation that is based on the recipient's need for support and financial resources, that is extended over time, and that is contingent upon future events will be determined to be for support and nondischargeable. An obligation that balances a division of property and is payable to a spouse that has no need for current or future support will be dischargeable as property division. An obligation to pay the former spouse's attorney fees is analyzed using these same factors.

■■■ Bankruptcy courts have usually found that attorney fees awarded on a spouse's behalf are nondischargeable support rather than property division. In most, if not all, states, a spouse has a duty to support the other spouse, and the ability to prosecute or defend a matrimonial action is necessary for the support of the dependent spouse. *In re Spong*, 661 F.2d 6, 9 (2nd Cir.1981). A spouse's need may extend to an action for custody of minor children as well as for the divorce action itself, and these fees will also be nondischargeable, provided that other factors indicating support are present.[3] *In re Gedeon*, 31 B.R. 942, 945 (Bankr.D.Colo.1983). This is not to say that attorney fees always are categorized as support. If such an award balances the property division and neither party requires additional support, it is likely to be dischargeable. *See, e.g., In re Kijewski*, 91 B.R. 48 (Bankr.N.D.Ill. 1988); *In re Vande Zande*, 22 B.R. 328 (Bankr.W.D.Wis.1982).

■■■ The duty to support may be solely or primarily that of the husband, as is the case in some states, or it may be equal as in Wisconsin. *See* Wis.Stat. § 49.90(1m). In any case, for the obligation to be nondischargeable under 11 U.S.C. § 523(a)(5), it must arise because one party needs the attorney's services and the other party has the duty to support and the ability to pay. If the court had award-

ed the fees, it would have had to make such a finding. *Anderson v. Anderson,* 72 Wis.2d 631, 242 N.W.2d 165 (1976); *Selchert v. Selchert,* 90 Wis.2d 1, 280 N.W.2d 293 (Ct.App.1979). The amount of the fees must, of course, be reasonable. *Id.* Here, the obligation arose by agreement, and the agreement was incorporated in the final judgment. This court is satisfied that the requisite need, duty to support and ability to pay nevertheless existed both in fact and within the understanding of the parties. Consequently, the debtor's obligation to his former wife's attorney is excepted from discharge under 11 U.S.C. § 523(a)(5). *Matter of Coil,* 680 F.2d 1170 (7th Cir. 1982).

Wayne argues that the fact Linda waived maintenance and she was employed shows she did not need the payment to her attorney as support. While this is one factor tending to show that the obligation is property division, the inquiry does not stop there. The absence of maintenance is not conclusive to show that support is not needed or intended. *See In re West,* 95 B.R. 395 (Bankr.E.D.Va.1989). The evidence showed that Linda was in need of financial support to continue this action. The judgment stated that her gross income at the time was $1,447.79, and her take-home pay was $1,107.50. Actually, her final financial declaration had been prepared by her attorney from earlier information, and Linda acknowledged that she had a 6% raise by the time of trial. This would make her take-home pay $1,173.95. Although she was receiving $545.24 in child support, Linda testified that her child care cost was $400 per month, leaving only $145 for all other expenses of two children, one of whom was still in diapers. There were a few expenses listed on the financial declaration that should also have been updated at the time of trial, but Linda's overall expenses approximated her income. This obviously does not leave room for much in the way of additional expenses, such as

---

**3.** In this case, it appears that the major part of the wife's attorney fees were for a custody dispute, not a property dispute. Russo testified that 99% of the case involved custody; Wayne testified that he had taped the proceedings, and

77.3% of the time was used for testimony involving custody. The balance involved other matters. Of the 23 witnesses, not including the parties, 19 were subpoenaed by Wayne.

attorney fees. Russo stated that the amount incurred for the entire proceeding was about $8,400 in fees and costs, $7,000 of which has never been paid. There is no cushion in her stated budget, but even if Linda could squeeze out $50 per month, it would take her almost 12 years to pay. Linda clearly demonstrated her need.

Wayne argued that even if Linda did have need, he did not have the ability to pay. He was grossing slightly over $26,000 per year, almost $8,000 per year more than Linda, but he was paying child support. However, both Linda and Russo thought Wayne would be getting the money from his father. Wayne had a number of divorce attorneys, and Raymond Wisniewski had loaned his son money for retainers. He had even loaned Linda money for the same purpose. Furthermore, after custody had been awarded to Linda, Wayne offered to pay her attorney $6,000 if she would consent to joint custody with one-half time for physical placement (she refused). If Wayne could come up with $6,000, surely he could have come up with $2,000, the agreed figure. Finally, this court must conclude that the agreement was based to a great extent on Wayne's ability to pay because he said he could pay.

While it is sufficient that the function of Wayne's obligation to Russo was to provide support for Linda, it appears that the parties intended it to be so, even though that intent might not have reached a conscious level. Russo testified that he asked for attorney fees at the conclusion of every day of trial because he knew his client did not have the wherewithal to continue to incur such expense. She was certainly aware of her need for funds. Wayne's offer of $6,000, and finally of $2,000, was to Linda's attorney and not to her. He also had to have known that she was financially unable to bear the cost.

It goes almost without saying that the fee award is reasonable under the circumstances. A total fee of $8,400 is painfully modest for a case culminating in a three day custody trial, plus another day for the remaining issues. $2,000 of that is a mere token.

Russo testified that he had forgiven any remaining amount due from Linda, and Wayne argued that he should not have to pay if Linda did not have to. As between Wayne and Russo, Wayne should bear the cost of the litigation. Wayne agreed to pay Linda's attorney fees because she could not. The fact that Russo believes Linda cannot pay and chooses not to force her into bankruptcy does not relieve Wayne of his duty of support. *See In re Siegel,* 65 B.R. 668 (W.D.N.Y.1986). It is not widely known by the general public, but lawyers often continue to represent clients long after the client's ability to pay is gone. That Russo did not cast his client adrift in the legal system, with the custody of minor children at stake, is commendable. Russo's charity toward Linda in no way entitles Wayne to a release of his obligation.

Both sides have asked for costs in this action. Wayne believes that Russo brought a frivolous action, and Russo maintains that Wayne's defense is frivolous. The propriety of Russo's action is obvious from this decision, so Wayne's motion for costs is denied. While the proceedings were protracted because of Wayne's tendency to bog down in irrelevancies and minutiae, a characteristic problem with pro se litigants, his defense was not frivolous. Russo's motion for costs is also denied.

This decision constitutes the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

A separate order will be entered consistent with this decision.