In re Joseph M. KESSLER, Debtor.

Brenda KESSLER, Plaintiff,

v.

Joseph M. KESSLER, Defendant.

Bankruptcy No. 5–90–00624.

United States Bankruptcy Court, M.D. Pennsylvania.

Dec. 19, 1990.

Robert W. Buehner, Jr., Bloomsburg, Pa., for debtor/defendant.

Garry Wamser, Bloomsburg, Pa., for plaintiff.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

Before the Court is the complaint of Brenda Kessler (hereinafter "Plaintiff") requesting a determination of the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(5) of the Bankruptcy Code. For the reasons provided herein, we find the debt dischargeable.

The facts are as follows. On or about March 9, 1989 the parties entered into a Marriage Settlement Agreement which was incorporated into an Order of the Columbia County Court of Common Pleas of Pennsylvania dated April 17, 1989 divorcing the parties from the bonds of matrimony. The issue raised by this complaint is whether the husband/debtor's obligation to pay the plaintiff the sum of $255 per month for payments remaining on a 1987 Dodge Colt

as more fully provided in Paragraph 3 of the March 9th Agreement is a dischargeable debt under § 523(a)(5) of the United States Bankruptcy Code. In support, the plaintiff directs our attention to the language of the separation agreement and argues that it clearly indicates that these payments are for support and maintenance. Plaintiff further argues that the vehicle is a necessity for such matters as food, shopping, medical care, daily and emergency transportation and as such should be characterized as support or maintenance payments exempt from discharge. The debtor responds that the car payment is part of the division of property and is not support or maintenance and also directs our attention to the language of the agreement to support his position.

## DISCUSSION

Section 523(a)(5) reads as follows:

**§ 523. Exceptions to discharge.**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt

\*   \*   \*   \*   \*   \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that

\*   \*   \*   \*   \*   \*

There is no dearth of case law discussing the requirements of an exception to discharge found under § 523(a)(5). The United States Court of Appeals for the Third Circuit has recently discussed which factors should be considered by a bankruptcy court in determining whether an obligation arising out of a divorce settlement is in the nature of alimony, maintenance or support in the case of *Karen Gianakas v. Paul Chris Gianakas (In re:*

*Paul Chris Gianakas)*, 917 F.2d 759, 762–63 (3rd Cir.1990) as follows:

"... We believe that whether an obligation is in the nature of alimony, maintenance or support, as distinguished from a property settlement, depends on a finding as to the intent of the parties at the time of the settlement agreement. *See In re Yeates*, 807 F.2d [874] at 878 [(10th Cir.1986)]; *Tilley v. Jessee*, 789 F.2d 1074, 1077 (4th Cir.1986); *In re Miller*, 34 B.R. 289, 292 (Bankr.E.D.Pa. 1983). That intent can best be found by examining three principal indicators. The many other factors referred to by various courts are merely elements of these indicators.

First, the court must examine the language and substance of the agreement in the context of surrounding circumstances, using extrinsic evidence if necessary. *See In re Yeates*, 807 F.2d at 878; *In re Miller*, 34 B.R. at 292. However, it is likely that 'neither the parties nor the divorce court contemplated the effect of a subsequent bankruptcy when the obligation arose.' *In re Wisniewski*, 109 B.R. 926, 929 (Bankr.E.D.Wisc.1990). Therefore, the parties and the state courts may not have focused on whether a particular obligation was to serve as support or as a property settlement unrelated to support. *In re Alloway*, 37 B.R. 420, 425 (Bankr.E.D.Pa.1984). As the Pennsylvania Superior Court noted [(*Buccino v. Buccino*, 397 Pa.Super. 241, 580 A.2d 13 (1990), CCH *Bankruptcy Law Reports*, ¶ 73,615)] even an obligation designated as property settlement may be related to support because state courts often will adjust alimony awards depending on the nature and amount of marital assets available for distribution. *Buccino*, 397 Pa.Super. at — – —, 580 A.2d at 22–23. In fact, 'property division often achieves the same goal as alimony, i.e., support.' *Id.*

Because the language of the agreement alone may not provide a sufficiently conclusive answer as to the nature of an obligation, the second indicator to which we must look to assist in ascertaining the parties' intent is the parties' financial circumstances at the time of the settlement. The facts that one spouse had custody of minor children, was not employed, or was employed in a less remunerative position than the other spouse are aspects of the parties' financial circumstances at the time the obligation was fixed which shed light on the inquiry into the nature of the obligation as support. *See Shaver v. Shaver*, 736 F.2d 1314, 1317 (9th Cir.1984).

Third, the court should examine the function served by the obligation at the time of the divorce or settlement. An obligation that serves to maintain daily necessities such as food, housing and transportation is indicative of a debt intended to be in the nature of support. *See In re Yeates*, 807 F.2d at 879."

In applying these standards, we initially review the language of the Marriage Settlement Agreement and find that the language is unambiguous and clearly provides that the payments in question are part of the property division and were not considered or intended by the parties to be in the form of alimony, maintenance or support. An introductory paragraph of the Agreement reads as follows:

"WHEREAS, diverse differences have arisen between the parties, and the Husband has instituted an Action in Divorce against Wife in the Court of Common Pleas of Columbia County, Pennsylvania, as No. 1388 of 1988, and it is the desire of the parties to settle their property between them."

Further, Paragraph 10 provides as follows:

"10. Both Husband and Wife hereby waive the right to support for themselves, alimony, and alimony pendente lite."

Paragraph 15 reads as follows:

"15. By this Agreement the parties have intended to effect an equal division of their marital property. This division is not intended by the parties to constitute in any way a sale or exchange of assets."

Using the test as established by the Third Circuit in the *In re Gianakas* case, we need not look past the language of the Agreement to determine the intent of the parties concerning the particular debt in question. We find that the language of the Agreement establishes that the parties intended the car payments to be in the nature of a property division and they cannot be considered alimony, maintenance or support for either the wife or her minor children. Additionally, the evidence submitted at the time of the trial falls far short of establishing any of the elements in both the second and third prong of the three part test established by the Third Circuit. Insufficient evidence was presented at the time of trial to refute the plain and unambiguous language of the Marriage Settlement Agreement.

Based upon the foregoing and after a review of the evidence presented at time of trial, this court finds that the debtor's responsibility for payment of the remaining debt on the 1987 Dodge Colt by paying the plaintiff/wife approximately $255 per month as contemplated by Paragraph 3 of the Marriage Settlement Agreement dated March 9, 1989 is hereby discharged under the dictates of the United States Bankruptcy Code at 11 U.S.C. § 523(a)(5).

IT IS SO ORDERED.