OPINION OF THE COURT
Ellen Gesmer, J.
Plaintiff AB (wife) moves for an order: (1) declaring that the exemption claims pursuant to CPLR 5222-a, made by the defendant GH (husband), are not applicable to the money judgment dated August 31, 2010 that was awarded to the wife for counsel fees in this action, because the award of counsel fees is in the nature of support; or, in the alternative, (2) determining that the husband’s ABC investment accounts do not qualify as exempt property pursuant to CPLR 5222-a and 5240, and directing that the sum of $152,875 from funds in those accounts be turned over to New York City Marshal Jeffrey Rose, on behalf *947 of the wife as judgment creditor, to satisfy the judgment. In addition, the wife seeks: (3) additional counsel fees in the amount of $10,000 in connection with this enforcement motion, pursuant to Domestic Relations Law § 238 and/or as sanctions for the husband’s frivolous behavior. The husband opposes the motion and cross-moves for an order acknowledging the effect of the stay of the Appellate Division, First Department on October 27, 2010 and staying the proceeding and submission of papers on motion sequence 12.
Facts
The parties were married on June 17, 1990 and have two children ages 13 and 16. The wife commenced this divorce action in or about March 2008.
By order dated July 23, 2010 (the July order), this court granted the wife’s request on motion sequence 7 for, inter alia, an award of interim counsel fees, which were, in large part, incurred in order to obtain and enforce support orders. Specifically, the July order directed the husband to pay to the wife’s counsel $152,875 by August 30, 2010. The July order further directed that, if the husband failed to do so, the clerk was to enter a money judgment against the husband upon submission of an affirmation by counsel. The husband failed to pay the wife’s counsel by August 30, 2010. In accordance with the July order, on August 31, 2010, the wife’s counsel obtained a money judgment against the husband in the amount of $152,875 (the judgment).
On September 14, 2010, the wife’s attorney forwarded an “Execution with Notice to Garnishee” (the execution) to New York City Marshal Jeffrey Rose to enforce the judgment against ABC Investments account numbers XXX6239, XXX7207, XXX4854, and XXX6681 (the ABC accounts). According to the husband’s net worth statement dated April 17, 2009, and account statements attached to the husband’s cross motion,[1] account number XXX7207 is a joint account titled in the name of the husband and his mother, “with rights of survivorship” (the *948 joint account), and the other accounts are titled in the husband’s sole name. As of October 11, 2010, the joint account contained $53,207.88. According to the husband’s net worth statement, as of April 17, 2009, the remaining ABC accounts had a total value of $397,978. In accordance with CPLR 5222-a, the execution served on the husband included a notice of various statutory exemptions from money judgment execution and an exemption claim form. It also included, in bold type above the case caption, the following language: “The judgment creditor is the state of New York, or any of its agencies or municipal corporations, AND/OR the debt enforced is for child support, spousal support, maintenance or alimony.”
On October 21, 2010, the wife’s attorney received an exemption claim form dated October 18, 2010, in which the husband certified under penalty of perjury that the funds held in the ABC accounts are exempt from execution because some or all of them came from the following statutorily exempt sources, which the husband had checked off on the claim form: (1) Social Security; (2) Social Security Disability; (3) Supplemental Security Income; and (4) payments from pensions and retirement accounts. The exemption claim form, as completed by the husband, provides no other information and does not specify which ABC accounts allegedly contain exempt funds. Although the exemption claim form directs the claimant, pursuant to applicable law, to attach “any documents such as an award letter, an annual statement from your pension, paystubs, [and] copies of checks” to support the claimed exemption, no documents were attached to the copy received by the wife’s attorney. On October 26, 2010, the wife filed her instant order to show cause objecting to the husband’s claimed exemption.
Meanwhile, the husband had filed a notice of appeal of the July order. On October 27, 2010, on the husband’s motion, the Appellate Division for the First Department issued an “interim stay of the execution of the Judgment pending determination of the motion by the full panel.” On March 15, 2011, the Appellate Division issued an order confirming that, on February 15, 2011, the husband withdrew his appeal of the July order. Therefore, there is no longer a stay of enforcement of the July order,[2] and the husband’s cross motion is moot.
*949 Analysis
The wife’s counsel seeks a declaratory judgment that the award of counsel fees to her is in the nature of support, and therefore not subject to the statutory exemptions from execution of money judgments under CPLR 5205 (“Personal property exempt from application to the satisfaction of money judgments”) and 5222-a (i) (“Service of notices and forms and procedure for claim of exemption”), the latter of which provides: “The provisions of this section do not apply ... if the debt enforced is for child support, spousal support, maintenance or alimony.” Subdivision (i) of section 5222-a of the CPLR, which provides for notification of the debtor of the statutory exemptions from debt collection and a procedure for the debtor to assert exemption claims, became effective on May 4, 2009. Not surprisingly, the court has not been able to locate any cases interpreting whether subdivision (i) applies to attorneys’ fees.
In support of her argument that the exemption applies to attorneys’ fees in matrimonial actions, the wife’s attorney cites cases decided by the federal courts holding that counsel fee awards in matrimonial cases are in the nature of support and thus not dischargeable in bankruptcy (In re Spong, 661 F2d 6 [2d Cir 1981]; Siegel v Smith, 65 BR 668 [WD NY 1986]; In re Auer, 22 BR 274 [ED NY 1982]). That principle has been extended by the state courts to hold that counsel fee awards incurred solely with respect to custody and visitation are also not dischargeable in bankruptcy (Matter of Ross v Sperow, 57 AD3d 1255 [3d Dept 2008]).
While those cases are instructive, the court has identified some cases that provide even more direct support for the wife’s position. In both Adler v Adler (224 AD2d 282 [1st Dept 1996]) and Berger-Carniol v Carniol (273 AD2d 427 [1st Dept 2000]), the Appellate Division for the First Department affirmed orders directing that the husband’s retirement funds be used to pay counsel fees incurred in order to enforce the wife’s child and spousal support awards. In both decisions, the Appellate Division cited CPLR 5205 (c) (4), which provides that
“[t]his subdivision [which defines certain personal property exempt from application to the satisfaction of money judgments] shall not impair any rights an individual has under a qualified domestic relations order ... or under any order of support, alimony or maintenance of any court of competent jurisdiction to enforce arrears/past due support whether or not *950 such arrears/past due support have been reduced to a money judgment.”
This language is virtually identical to that found in CPLR 5222-a (i). Consequently, since the Appellate Division in this department has held that counsel fees incurred to obtain support are covered by CPLR 5205 (c) (4), it is logical that they would equally be covered by CPLR 5222-a (i). Accordingly, this court grants the first branch of the wife’s motion and holds that the husband may not make an exemption claim because the award of counsel fees is in the nature of support.
This leads to the uncomfortable result that the joint account, which the husband holds with his mother and which the husband’s counsel asserts contains the mother’s Social Security and pension funds, could be used to satisfy the judgment. Put more bluntly, the husband’s mother might lose the use of the funds she received from Social Security because of her son’s failure to support his own children. Fortunately, the court is saved from causing this unpleasant result, because the wife’s counsel alternatively sought relief under CPLR 5240 to obtain a determination that the ABC accounts are not exempt, and are thus subject to execution. CPLR 5240 is generally utilized to protect the debtor from abuse of the collection process. However, the statute “grants the courts broad discretionary power to control and regulate the enforcement of a money judgment under article 52 to prevent ‘unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts.’ ” (Guardian Loan Co. v Early, 47 NY2d 515, 518 [1979], quoting 3d Preliminary Rep of Advisory Comm on Prac and Pro, at 314 [1959].) Here, since the documents presented show that the three ABC accounts other than the joint account contain enough funds for the wife to satisfy the judgment, and the husband does not claim (through his counsel) that any of those ABC accounts contain funds that are exempt from execution under CPLR 5205 (c) (4) and 5222-a, the court will exercise its discretion under CPLR 5240 to limit the execution of the judgment to the ABC accounts in the husband’s sole name, including the account numbers ending in 6239, 4854, and 6681.
Counsel Fees
The wife seeks $10,000 in counsel fees in connection with this motion, pursuant to Domestic Relations Law § 238, which permits the court, in its discretion, to award counsel fees in connection with enforcement proceedings. The wife also seeks these counsel fees as sanctions for the husband’s failure to provide *951 any documentation to support his exemption claim and for his completion of the exemption claim form in such a vague manner that ABC believed that all of the husband’s accounts, not just the joint account with his mother, contained exempt funds. The court finds that the wife is entitled to her fees under both statutes. Accordingly, the husband shall pay to the wife’s attorney $10,000 on or before May 1, 2011. If he fails to do so, the clerk is directed to enter a money judgment against the husband and in favor of the wife’s attorney upon submission of an affirmation by counsel, with no further notice to the husband required.
In accordance with this decision, it is hereby ordered that the exemption claims made by the defendant are not applicable to the money judgment dated August 31, 2010 because it was for payment of legal fees which were in the nature of support; and it is further ordered that the wife may only execute the judgment against the ABC accounts in the husband’s sole name, including the account numbers ending in 6239, 4854, and 6681; and it is further ordered that, on or before May 1, 2011, the husband shall pay to the wife’s attorney $10,000 as costs and sanctions in connection with this motion; and it is further ordered that if the husband fails to pay the wife’s attorney $10,000 on or before May 1, 2011, the clerk is directed to enter a money judgment against the husband and in favor of the wife’s attorney in that amount upon submission of an affirmation by counsel, with no further notice to the husband required; and it is further ordered that all relief requested but not granted above is denied.

. The husband’s opposition and cross motion is supported only by an affirmation from his attorney who states that the joint account contains deposits of the husband’s mother’s Social Security and pension funds, although counsel does not assert that she has personal knowledge of this. In support of this claim, counsel attaches account statements for the joint account, which do not identify any deposits as coming from the claimed exempt sources. Counsel makes no such claim as to any of the other ABC accounts in the husband’s sole name, and does not attach statements for any of those accounts.

. Neither party advised the court that the appeal had been withdrawn and that the stay is no longer in effect.