**Joseph L. KUBERA, Plaintiff–Appellant,**

v.

**Barbara A. KUBERA, Defendant–Appellee.**

**Joseph L. KUBERA, Plaintiff–Appellant,**

v.

**ANTHONY J. SPANN, P.C., Defendant–Appellee.**

**Nos. 95–CV–0749C, 95–CV–0750C.**

United States District Court, W.D. New York.

Aug. 6, 1996.

Donald H. Michalak, Fredonia, New York, for Plaintiff–Appellant.

Anthony J. Spann, P.C. (James J. Spann, of counsel), Dunkirk, New York, for Defendants–Appellees.

## BACKGROUND

CURTIN, District Judge.

Appellant Joseph L. Kubera appeals from an order of the United States Bankruptcy Court, Western District of New York in *In re Kubera*, No. 94–CV–10375B (Bucki, U.S.B.J.). In his order, Judge Bucki denied the discharge of a mortgage debt assumed by the appellant in his divorce from the appellee, Barbara A. Kubera. Judge Bucki also denied the discharge of part of a debt for attorney's fees awarded in a post-divorce enforcement proceeding. For the reasons stated below, the decision of the bankruptcy court is affirmed.

## FACTS

Appellant and his ex-wife were married in 1964, and remained married for 27 years.

They entered into a Separation Agreement on December 30, 1991. The terms of the Agreement were subsequently incorporated, but not merged, into the Judgment of Divorce granted in Supreme Court, Chautauqua County, dated May 14, 1992.

There is no mention in either the Agreement or the judgment that the mortgage assumption is part of, or is in any way related to, the alimony or support obligation. Rather, the judgment states that the $100.00 per week for ten years ordered as maintenance is inclusive of all obligations of defendant for the maintenance of the plaintiff.

The mortgage assumption is exclusively set forth in the property settlement section of the Agreement (Agreement attached to Item 5). Under this section, appellee receives certain property and assumes certain debts and the debtor receives other property and assumes other debts. Article IV and Schedule B of the Agreement provide that "The Husband hereby assumes and holds the wife harmless on the Lake Shore Savings and Loan Association HELOC against such property." This assumption by appellant is repeated in Article VIII and Schedule C. In addition, the appellee testified before the bankruptcy court that she did not declare the mortgage assumption payments made by the debtor as taxable alimony payments when she filed her income tax, although maintenance would be taxable to the appellee under IRS Code § 71(a).

Judge Bucki held that in determining the nature of liabilities arising from a matrimonial relationship, the court was not bound by any nomenclature assigned either by the parties or by state court. "Even though such nomenclature may be of great relevance, the concepts of alimony, maintenance, and support are to be defined in accord with the underlying principles of the Bankruptcy Code." *In re Kubera*, No. 94–CV–10375B at 2. (citing *In re Spong*, 661 F.2d 6 (2d Cir. 1981)). (Judge Bucki's decision is attached to Item 5.) Applying *Spong*, Judge Bucki determined that:

> Notwithstanding [the language of the agreement], the court believes that in the present instance, the essential nature of the mortgage payment renders it to be a maintenance and support obligation. The original mortgage indebtedness constituted an encumbrance upon the residence that was to be occupied by the debtor's children and former spouse. Regardless of the purpose for creating that indebtedness, its repayment was required as a condition for the continued use of the residence. Surely, shelter will always represent a necessary and appropriate expense for inclusion in an award of maintenance and support. Any failure of description in the divorce judgment simply cannot change the essence of this payment as an expenditure that is "actually in the nature of alimony, maintenance, or support."

*In re Kubera*, No. 94–CV–10375B at 3.

Similarly, Judge Bucki cited *Spong* for the proposition that legal "services related to the questions of alimony and maintenance will give rise to a nondischargeable award of attorney fees." *In re Kubera*, No. 94–CV–10375B at 5. Judge Bucki then determined that, of the $1,600 in attorney's fees awarded by the state court, $500 had been requested by appellee's attorney in an order to show cause to compel property distribution. Consequently, Judge Bucki held that "[i]n the absence of any contrary evidence as to the value of those services that relate to that motion," the $500 was subject to discharge. *Id.*

Judge Bucki concluded that the appellant's obligation to pay the $21,720.35 stipulated as the sum due on the mortgage, and $1,100 balance in attorney's fees awarded by the Supreme Court, were not subject to discharge. *Id.*

## DISCUSSION

The district court applies a "clearly erroneous" standard to the bankruptcy judge's findings of fact. Bankruptcy R. 8013. Issues of law are reviewed *de novo*. *Rubenstein v. Ball Bros., Inc.*, 749 F.2d 1277 (9th Cir.1984).

The Bankruptcy Reform Act, 11 U.S.C. § 523(a)(5) provides that a bankruptcy discharge under the Act would not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

An explanatory statement, issued shortly before Congress passed the Act, stated in part:

If the debtor has assumed an obligation of the debtor's spouse to a third party in connection with a separation agreement, property settlement agreement, or divorce proceeding, such debt is dischargeable to the extent that payment of the debt by the debtor is not actually in the nature of alimony, maintenance, or support of debtor's spouse, former spouse, or child.

124 Cong.Rec. H11,096 (daily ed. Sept. 28, 1978) (remarks of Rep. Edwards); *Id.* at S17,412 (daily ed. Oct. 6, 1978) (remarks of Sen. DeConcini).

■■■ It is a well-settled principle of bankruptcy law that dischargeability must be determined by the substance of the liability rather than its form. *In re Spong,* 661 F.2d 6 (2d Cir.1981), *Pepper v. Litton,* 308 U.S. 295, 305–06, 60 S.Ct. 238, 244–45, 84 L.Ed. 281 (1939). Federal courts have held that a bankruptcy court must look beyond the language of the decree to the intent of the parties and the substance of the obligation. *Shaver v. Shaver,* 736 F.2d 1314 (9th Cir. 1984). The substance of the obligations and the circumstances under which they were created must prevail over any labels attached to the obligations. *In re Eisenberg,* 18 B.R. 1001 (Bankr.E.D.N.Y.1982).

■■ In a third-party beneficiary contract, benefits flow to both the promisee and the third party, and either may sue to enforce the contract. If the debtor fails to satisfy his debt to the third-party beneficiary, the debt-

or will, at the same time, fail to satisfy his obligation to his ex-wife. If the debtor satisfies his obligation to the third-party beneficiary, he will by the same act satisfy his obligation to his wife. *Spong,* 661 F.2d at 10–11.

It would, therefore, "exalting form over substance to fail to treat appellee's agreement to pay his wife's counsel fee as a 'debt ... to a spouse ... for alimony ... maintenance ..., or support,' and that therefore it is nondischargeable in bankruptcy." *Id.* at 11.

## I. Appellant's mortgage debt is nondischargeable.

In the present case, appellant is a third-party beneficiary with the holder of the mortgage, as benefits from it flow both to his ex-wife and the bank. Appellant argues that because the Agreement specifically places the mortgage assumption in the property settlement category, that definition should apply, and the debt should be dischargeable. Appellant also argues extensively that his ex-wife herself did not treat the payments as support income for tax purposes.

■■ Appellant's strict reliance on the terms of the Settlement Agreement, and his ex-wife's understanding of their meaning, is misplaced. Appellant cites many cases for the axiom that "when a contract's language is unambiguous intent is determined from the agreement, ... effect is to be given to the contract language itself," *see, e.g. Mycak v. Honeywell, Inc.,* 953 F.2d 798, 802 (2d Cir. 1992).

But *Spong,* among other cases, counsels that bankruptcy serves as an exception to the ordinary rules of contract construction. Although the intent of the parties is an important issue in classifying debt for bankruptcy purposes, it is not the dispositive issue.

Moreover, the way appellant's ex-wife handled the income for tax purposes is only tangentially relevant. Had she expressed a clear knowledge of the tax implications of the mortgage payments, her failure to disclose them as income might be an indication of her intent that they be treated as part of the property settlement. There is, however, no

indication that appellee's understanding of the relevant tax code provisions was that sophisticated. If, in fact, appellee faces additional tax liability, that is a matter for another court in another case.

Counsel for appellant also argued that to find the mortgage debt nondischargeable in the present case would be to find all mortgage debt stemming from matrimonial settlements nondischargeable (Item 5, p. 10). Appellant comes to this conclusion because he claims that the agreement between the parties so clearly intended that the assumption of the mortgage debt be part of the property settlement that he can imagine no more extreme case. Consequently, appellant believes that the bankruptcy judge's finding of dischargeability distorts Bankruptcy Law § 523(a)(5), which clearly does not require that all mortgage assumptions be treated as either alimony or support.

This court disagrees with appellant's logical progression. Even if the settlement agreement were as clear as appellant claims it is, a finding of nondischargeability in this case would not have the extreme effect he fears. It may be that a mortgage debt assumed on a vacation home, place of business, or investment property would be dischargeable where the present debt is not. The distinction is not the clarity of the language of the settlement agreement, but rather the function served by the property in question.

Even if appellant were correct that the parties' intent was to exclude the mortgage payment from their definition of "support," the bankruptcy law would oblige it to look further into the "substance of the liability rather than its form." It is clear from both the language of the Bankruptcy Reform Act and the explanatory statement excerpted above that courts were meant not to defer to contractual language, but rather to examine such language critically in order to determine the nature of the liability at issue. This is precisely what the bankruptcy court did, and the approach is correct as a matter of law.

In addition, Judge Bucki's determination that the mortgage payments were in the nature of support was a determination of fact, and it was not clearly erroneous. Rather, this court agrees with the bankruptcy court that it would "exalt form over substance" not to treat appellant's mortgage debt for something as basic as the family's primary shelter as a support payment to his ex-wife. Ms. Kubera's uncontroverted testimony before the bankruptcy court was that the payment of the mortgage obligation by the appellant was essential for her use of the residence.

## II. Attorney's fees in the amount of $1100 are nondischargeable.

*Spong* is directly on point in determining that attorney's fees are nondischargeable to the extent they relate to services rendered in pursuit of alimony or maintenance. Therefore, this court's agreement with the bankruptcy court that the mortgage payment was nondischargeable maintenance necessarily means that the attorney's fees paid to litigate the issue are also nondischargeable.

But appellant argues that appellee produced insufficient evidence of the allocation of attorney's fees before the bankruptcy judge, and absent proof of allocation, the $1,100 in attorney's fees should be found dischargeable. Specifically, appellant argues that the bankruptcy court "properly deducted the $500.00, then arbitrarily 'deemed' the balance of the attorney's fees to relate to the issue of maintenance and support. This is wholly unsupported by any record, is clearly erroneous, and is an error of law, and improperly shifts the burden of proof to the debtor." (Item 5, p. 14).

Appellant's argument lacks merit. Judge Bucki found:

The award of attorney fees is contained in an order which addresses a number of controverted matters, including both the consummation of a property settlement and the modification of support and maintenance obligations. Counsel for Mrs. Kubera has offered no allocation of time spent with respect to these different types matters....

In the order to show cause seeking to compel the property distribution, Mrs. Kubera's counsel sought an award of $500 for attorney's fees. In the absence of any contrary evidence as to the value of those

18

services that relate only to that motion, this Court will deem this sum of $500 as being subject to discharge. The balance of the award for counsel fees will be deemed to relate to issues of maintenance and support.

*In re Kubera,* No. 94–CV–10375B at 4.

The state court's May 21, 1993 order awarding the $1,600 in attorney's fees (attached to Item 3), dealt with only two issues: the order to show cause and various items of maintenance and support, including medical bills for appellant's children, past-due child support payments, payments for auto repairs for appellant's daughter, and the apportionment of appellant's pension pursuant to the state court's original divorce decree. As appellant concedes that the $500 in fees for the Order to Show Cause was properly deducted, the remaining $1,100 in fees had to have been incurred in maintenance and support issues, as these are the only other issues with which the state court's order deals. This court finds, therefore, that Judge Bucki's factual determination as to the nondischargeability of the $1,100 in attorney's fees was well within his discretion.

## CONCLUSION

The decision of the bankruptcy court is affirmed.

So ordered.