In re Craig J. MADDIGAN, Debtor.

Falk & Siemer, LLP, Plaintiff,

v.

Craig J. Maddigan, Defendant.

Bankruptcy No. 00–11352 B.
Adversary No. 00–1133 B.

United States Bankruptcy Court,
W.D. New York.

March 14, 2001.

Falk & Siemer, LLP, Carol D. Collard, of counsel, Buffalo, New York, for plaintiff.

Aaron, Dautch, Sternberg & Lawson LLP, William E. Lawson, of counsel, Buffalo, New York, for defendant.

Leonard F. Walentynowicz, Buffalo, New York, of counsel to William Lawson.

CARL L. BUCKI, Bankruptcy Judge.

In this adversary proceeding, the law firm of Falk & Siemer, LLP ("Falk & Siemer"), seeks a declaratory judgment that its claim for attorney fees is in the nature of support, and therefore non-dischargeable under 11 U.S.C. § 523(a)(5).

The claim arises from an award given in the context of a proceeding to establish rights to custody of a child. The debtor responds that because the determination of custody did not resolve any issue of support, the obligation for legal fees is fully discharged.

Craig J. Maddigan, the debtor herein, is the father of a child who was conceived during an out-of-wedlock relationship with Lisa Grupposo. After ending their relationship, both the debtor and Ms. Grupposo initiated proceedings in Family Court for the custody of their child. As noted by Family Court Judge Janice M. Rosa in her decision of March 18, 1999, the matter was "highly contested." Ultimately, Judge Rosa granted custody to the mother, but with provision for liberal visitation. Falk & Siemer represented Ms. Grupposo in the custody proceeding. Upon its completion, the firm moved for an award of legal fees from Craig Maddigan. After considering "the relative merits" of the parties' positions, Family Court directed the father to pay to counsel the sum of $12,000 plus interest. When payment was not made, Judge Rosa granted to Falk & Siemer a money judgment for this amount. Thereafter, when Craig Maddigan filed a petition for relief under chapter 7 of the Bankruptcy Code, Falk & Siemer commenced the present action seeking either a denial of discharge under 11 U.S.C. § 727 or a determination that its claim for legal fees is non-dischargeable under 11 U.S.C. § 523(a)(5). Previously, this court dismissed the cause of action for denial of discharge under section 727. Thus remaining under consideration at this time is the issue of dischargeability under section 523.

■ Section 523(a)(5) provides that a discharge under section 727 does not discharge an individual debtor from any debt

> to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise ...; or (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

The Second Circuit has determined that an award of legal fees may be in the nature of alimony, maintenance or support, even when made payable directly to the attorney of a former spouse. *In re Spong*, 661 F.2d 6 (1981). *Accord Kubera v. Kubera*, 200 B.R. 13 (W.D.N.Y.1996). The debtor contends, however, that in the present instance, the legal fees arise not from any proceeding to determine child support, but are designed to satisfy the obligation of someone who is neither a spouse nor a former spouse.

■ In determining the character of liabilities arising from a domestic relationship, this Court is not bound by any nomenclature which may be assigned either by the parties or by state court. Even though such references may be of some relevance, the concepts of alimony, maintenance, and support are to be defined in accord with underlying principles of the Bankruptcy Code. Thus, in *In re Spong*, 661 F.2d at 9, the Court of Appeals acknowledged "the well-established principle of bankruptcy law that dischargeability must be determined by the substance of the liability rather than its form." For this reason, even though a state court might identify a certain obligation as support, that obligation is non-dischargeable only if it is actually in the nature of alimony, maintenance or support. By the same rationale, an obligation that is truly in the nature of support will be non-dischargeable, even if the state court fails to identify it as such. *In re Armento*, 127 B.R. 486, 490 (Bankr.S.D.Fla.1991); *In re Cacolici*, 108 B.R. 578, 584 (Bankr.N.D.Ohio 1989);

*In re Massimini,* 8 B.R. 428, 432 (Bankr. W.D.Pa.1981).

Section 523(a)(5) limits its application to claims owed to a spouse, former spouse, or child of the debtor. Having never been married to Ms. Grupposo, Craig Maddigan correctly asserts that he has no liability to her as a spouse or former spouse. However, Maddigan is incorrect in asserting that a non-dischargeable liability for child support can only arise in the context of a support finding. Section 523(a)(5) speaks to any claim for child support that may arise "in connection with a separation agreement, divorce decree *or other order of a court of record*" (emphasis added). Here, the determination of custody constitutes such "other order". Similarly, in *In re Peters,* 964 F.2d 166 (1992), the Second Circuit affirmed a decision recognizing as non-dischargeable the claim of an attorney appointed to represent the interests of the child in a custody proceeding. Characterization as a custody proceedings is simply not determinative of the essential question. Rather, the issue is whether the award of counsel fees is truly in the nature of support.

The Family Court stated its rationale for the award of counsel fees in its Decision and Order dated October 1, 1999. Although Judge Rosa considered many factors in making her award, she specifically cited the impact of payment on the financial resources of the custodial parent. Noting that it was obliged to "consider the relative merits of the partys' [*sic*] positions," the Family Court expressly "considered the written decision of the Hearing Examiner on the support matter which found that Craig Maddigan has earnings at least five times the earnings of Lisa Grupposo." Later in the opinion, Judge Rosa listed factors of support in a summary of her reasoning that included the following text:

> The Court also considered the specific and relevant financial circumstances of Lisa Grupposo including her income, limited resources, bills and expenses and

her inability to pay counsel fees. It has long been held that an applicant for fees must not be indigent in order to be provided an award of fees. It has long been held that the disparity of incomes of the respective parties may be considered by the court in its award, particularly in this case where one party earns five times more than the other. The Court also considers the fact that Lisa Grupposo is the sole custodian of three children, including the child of this controversy and she has no independent assets.

It is not the function of this court to revisit a final decision of the Family Court. Rather, our present task is to discern its intent to treat a particular obligation as support. Here, such treatment is fully indicated by Judge Rosa's reliance on considerations of affordability for the child's primary care provider. Based upon a review of the Family Court's Decision and Order, this court is satisfied that Maddigan's obligation to Falk & Siemer is in the nature of support for the debtor's child. Accordingly, judgment shall be entered declaring that this claim is non-dischargeable under 11 U.S.C. § 523(a)(5).

So ordered.