**In re Craig J. MADDIGAN, Debtor.**

Falk & Siemer, LLP, Plaintiff–Appellee,

v.

**Craig Maddigan, Defendant–Appellant.**

**Docket No. 01–5061.**

United States Court of Appeals, Second Circuit.

Argued Aug. 26, 2002.

Decided Dec. 9, 2002.

Amended Dec. 10, 2002.

591

Leonard F. Walentynowicz, Grand Island, NY, for Defendant–Appellant.

Carol D. Collard, Falk & Siemer, LLP, Buffalo, NY, on the brief, for Plaintiff–Appellee.

Before WINTER, SACK, and SOTOMAYOR, Circuit Judges.

SOTOMAYOR, Circuit Judge.

Defendant Craig Maddigan appeals from a judgment of the United States District Court for the Western District of New York (Arcara, J.) affirming the bankruptcy court's finding that Maddigan's obligation for legal fees imposed by a family court during a custody proceeding was nondischargeable in bankruptcy. We hold that the bankruptcy court (Bucki, J.) correctly read the family court's order of legal fees as creating a debt Maddigan owes to his child that is "in the nature of support." As such, this debt is nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(5).

## BACKGROUND

Plaintiff Falk & Siemer, LLP ("Falk & Siemer") brought this action for declaratory judgment that its claim for attorney's fees against Maddigan was nondischargeable under 11 U.S.C. § 523(a)(5).

Maddigan and Lisa Grupposo, who were never married, are the parents of a child.

At the end of their relationship, Maddigan and Grupposo both initiated proceedings in family court for custody of their daughter. Grupposo received custody, and Maddigan was granted liberal visitation rights.

Falk & Siemer represented Grupposo in the custody proceedings. At the end of the proceedings, Falk & Siemer moved for an award of legal fees from Maddigan. The family court directed Maddigan to pay Falk & Siemer $12,000 in fees plus interest from January 1, 2000. When payment was not made, the family court granted a money judgment to Falk & Siemer in this amount.

Maddigan subsequently filed a petition for bankruptcy relief under Chapter 7 of the Bankruptcy Code. Falk & Siemer thereafter commenced the instant action, seeking a determination that its claim for legal fees was nondischargeable under 11 U.S.C. § 523(a)(5).[1]

Section 523 defines a number of exceptions to the general grant of discharge provided by § 727. Among these exceptions, § 523(a)(5) provides that a discharge under § 727 does not discharge an individual debtor from:

[A]ny debt ... to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that ... such debt includes a liability designated as alimony, maintenance, or support, unless

---

**1.** Falk & Siemer also sought a denial of discharge pursuant to 11 U.S.C. § 727(a)(3), on the ground that Maddigan had engaged in fraud, intentional misstatements, or other misconduct. In a separate order, the bankruptcy court dismissed the cause of action for denial of discharge under § 727(a)(3). The parties agree that the only issue on appeal is the question of dischargeability pursuant to § 523(a)(5).

such liability is actually in the nature of alimony, maintenance, or support.

11 U.S.C. § 523(a)(5).

The bankruptcy court identified the key issue as whether the award of legal fees was "in the nature of . . . support" within the meaning of § 523(a)(5). *In re Maddigan*, 259 B.R. 810, 810 (Bankr.W.D.N.Y. 2001). Relying on "the well-established principle of bankruptcy law that dischargeability must be determined by the substance of the liability rather than its form," *id.* at 811 (quoting *In re Spong*, 661 F.2d 6, 9 (2d Cir.1981)) (internal quotation marks omitted), the bankruptcy court evaluated the substance of the liability imposed on Maddigan by the family court to determine whether the award of counsel fees in the custody proceeding was "truly in the nature of support." *Id.* After a review of the family court's custody decision and order awarding legal fees, the bankruptcy court held that Maddigan's obligation to Falk & Siemer was in the nature of support for Maddigan's child, and as such was nondischargeable under § 523(a)(5). *Maddigan*, 259 B.R. at 812.

Maddigan appealed this determination to the United States District Court for the Western District of New York (Arcara, J.), which affirmed "[s]ubstantially for the reasons set forth in the Bankruptcy Court's opinion." *In re Maddigan*, No. 01–CV–328A, slip op. at 2 (W.D.N.Y. Aug. 27, 2001). This appeal followed.

## DISCUSSION

### I.  Standard of Review

■ Review of an order of a district court issued in its capacity as an appellate court is plenary. *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1388 (2d Cir. 1990). The factual determinations and legal conclusions of the bankruptcy court are thus to be reviewed independently by this

Court. *Id.* The bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo*. *Id.*

### II.  Whether Maddigan's Debt to Falk & Siemer is Nondischargeable in Bankruptcy

■ In order for the debt Maddigan owes Falk & Siemer to be nondischargeable under § 523(a)(5), three statutory requirements must be met. First, the debt must be "to a spouse, former spouse, or child of the debtor." 11 U.S.C. § 523(a)(5). Second, the debt must be "actually in the nature of" (as opposed to simply designated as) alimony, maintenance, or support. *Id.* § 523(a)(5)(B). Third, the debt must have been incurred "in connection with a separation agreement, divorce decree or other order of a court of record." *Id.* § 523(a)(5). We address each element in turn.

### A.  Maddigan's Debt to Falk & Siemer Is a Debt to Maddigan's Child

As Maddigan and Grupposo were never married, Maddigan's debt cannot be characterized as a debt to a spouse or former spouse. The question is whether Maddigan's obligation for the legal fees Grupposo incurred during the proceeding for custody of their child can be considered a debt to that child.

■ The fact that the debt is payable to a third party (here, Falk & Siemer) does not prevent classification of that debt as being owed to Maddigan's child. Our case law clearly establishes that debts in the nature of support need not be payable directly to one of the parties listed in § 523(a)(5) in order to be nondischargeable. *See Spong*, 661 F.2d at 10–11; *In re Peters*, 124 B.R. 433, 435 (Bankr.S.D.N.Y. 1991) (citing cases).

A separate question is whether Maddigan's obligation for legal fees incurred by the nonspouse mother of his child can be considered a debt to his child within the meaning of § 523(a)(5). We have previously held that the legal fees of an attorney appointed to represent the interests of a child in a custody proceeding can be considered a debt to the child. *In re Peters,* 964 F.2d 166, 167 (2d Cir.1992) (per curiam), *aff'g* 133 B.R. 291 (S.D.N.Y.1991). In *Peters,* we endorsed the reasoning of the district court below, which had explained that "[i]t is ... generally accepted that fees incurred on behalf of a child are nondischargeable because they are deemed to be support when those fees are inextricably intertwined with proceedings affecting the welfare of a child." *Peters,* 133 B.R. at 295; *see also Spong,* 661 F.2d at 9–10. Other circuits have concurred that the debt owed to an attorney appointed to represent a child in custody or support proceedings is properly considered a debt to that child within the meaning of § 523(a)(5). *See, e.g., In re Miller,* 55 F.3d 1487, 1490 (10th Cir.1995) (holding that debts for a guardian ad litem and a psychologist· were nondischargeable under § 523(a)(5), because "the emphasis [is to be] placed on the determination of whether a debt is in the nature of support, rather than on the identity of the payee"); *In re Dvorak,* 986 F.2d 940, 941 (5th Cir.1993) (holding that legal fees for a child's guardian ad litem in a custody proceeding were "clearly for [the child]'s benefit and support," and as such were nondischargeable under § 523(a)(5)).·

■■■ The facts of *Peters* are admittedly distinguishable from those of the instant case, in that here Maddigan's child was not appointed her own legal representative in the custody proceeding. However, it is a "well-established principle of bankruptcy law that dischargeability must be determined by the substance of the liability rather than its form." *Spong,* 661 F.2d at 9. Looking to the substance of Maddigan's liability, it is clear that the representation in which Grupposo's legal fees were incurred was, at least in part, for the benefit of Maddigan's child, even though the child was not appointed her own attorney. In reaching this conclusion, we do not suggest that a debt for legal services incurred by a nonspouse parent as part of custody proceedings is *always* for the benefit of a child within the meaning of § 523(a)(5). It is possible that legal fees in a custody proceeding may be incurred solely for the benefit of the interests of a parent. In this case, however, the custody proceeding was in substance concerned with the welfare of Maddigan's child, as is apparent from, *inter alia,* the family court's repeated reference to the child's welfare in making its custody determination.

■■■ This conclusion is supported by the legislative history of § 523(a)(5), which reflects a general concern that parents of children born out of wedlock not be able to evade child support obligations in bankruptcy. Section 523(a)(5) was amended in 1984 to change its application to debts arising "in connection with a separation agreement, divorce decree *or other order of a court of record.*" 11 U.S.C. § 523(a)(5) (italics indicate the additional text). This clause was added to broaden the exception from discharge to include child support debts arising from non-marital relationships. *See In re Furlong,* 155 B.R. 517, 518 (Bankr.W.D.Mo.1993) (citing the legislative history of the 1984 and 1986 amendments to § 523(a)(5), and noting that § 523(a)(5) was amended "to plug the loophole that allowed fathers of children born out of wedlock to escape child support obligations in bankruptcy"); *cf. In re Magee,* 111 B.R. 359, 360 (M.D.Fla.1990) ("[B]y its enactment of [§ 523(a)(5)], Con-

gress intended to protect the debts owed to, and for, all dependent children of the debtor. . . . Debts arising from the promise of a debtor to support his children may not be avoided merely because those debts are represented by a final judgment in favor of a non-spouse mother.").

We thus conclude that Maddigan's debt to Falk & Siemer is a debt to his child, and that the first element of the § 523(a)(5) exception to discharge is met.

## B. Maddigan's Debt to Falk & Siemer Is "In the Nature of Support" for Maddigan's Child

■■■ The second requirement that must be met for a debt to be nondischargeable under § 523(a)(5) is that the debt must be "actually in the nature of . . . support" for the child. We have held that the question whether a debt meets the statutory requirement for being in the nature of support is a factual determination of the bankruptcy court, and as such is subject to reversal only if clearly erroneous. *See Forsdick v. Turgeon*, 812 F.2d 801, 802 (2d Cir.1987) ("[Appellant] challenges the decision of the bankruptcy court that the [award] was 'in the nature of alimony, maintenance or support'. We apply the 'clearly erroneous' standard to review such a factual finding of the bankruptcy court."); *see also In re Brody*, 3 F.3d 35, 38 (2d Cir.1993).

### 1. The Bankruptcy Court's Determination Is Not Clearly Erroneous

■■■ The bankruptcy court below carefully analyzed the family court's decision in making its factual determination that the order of legal fees was in the nature of support. The bankruptcy court specifically noted that the family court "listed factors of support"—such as Grupposo's income, limited assets and resources, financial obligations, and inability

to pay legal fees—in ordering Maddigan to pay Grupposo's fees. *Maddigan*, 259 B.R. at 812. The bankruptcy court concluded that the family court's "reliance on considerations of affordability for the child's primary care provider" supported a finding that "Maddigan's obligation to Falk & Siemer is in the nature of support for the debtor's child." *Id.*

Given the bankruptcy court's considered reading of the family court's decision and order, and on our own review of the family court's decision and order, it cannot be said that the bankruptcy court's determination was clearly erroneous. Maddigan argues that "[t]he Family Court decision never indicated that its award was in the nature of support." This argument is without merit. While the family court admittedly did not explicitly state that the award of attorney's fees in this case was in the nature of support, it would be unrealistic and unreasonable to expect the court to have framed its order of legal fees using the statutory terms of § 523(a)(5)—family court judges cannot reasonably be expected to anticipate future bankruptcy among the parties to a custody proceeding.

Nor is it significant that the family court proceeding was a custody proceeding instead of a support proceeding. *See Peters*, 133 B.R. at 295 ("Courts are in general agreement that obligations in the nature of alimony, maintenance and support may include the duty to pay attorneys' fees incurred by the former spouse in connection with a divorce proceeding, the obtaining and enforcement of alimony and/or support awards, *or* for custody disputes." (emphasis added)); *see also In re Akamine*, 217 B.R. 104, 108 (S.D.N.Y.1998) ("[T]he vast majority of courts have held that awards of fees inextricably intertwined with proceedings affecting the welfare of a child, such as custody *or* child support litigation, are

deemed 'support' within the meaning of § 523(a)(5)." (emphasis added)).

Policy considerations compel this conclusion as well. While family court judges previously heard both custody and child support matters in the same proceeding, this practice was changed by state statute in 1996. Hearing Examiners now hear and determine matters of child support, in proceedings separate from custody or other family court proceedings. *See* 22 N.Y.C.R.R. § 205.32; N.Y. McKinney's Family Court Act § 439(a). If the judgment of a family court could only be considered to be "in the nature of support" in cases in which the family court proceedings included an adjudication of child support matters, New York's administrative change toward the use of Hearing Examiners—which was apparently made for reasons of judicial economy—would have the effect of rendering most family court judgments dischargeable upon bankruptcy. This outcome would undermine the purpose of § 523(a)(5).

### 2. Congressional Intent Supports the Finding That Maddigan's Debt Is "In the Nature of Support"

The Bankruptcy Code reflects and balances a number of competing congressional goals. We have explained that the general purpose of bankruptcy law is "to provide the bankrupt with comprehensive, much needed relief from the burden of his indebtedness by releasing him from virtually all his debts." *Forsdick*, 812 F.2d at 802 (quoting *In re Cross*, 666 F.2d 873, 879 (5th Cir. Unit B 1982)) (internal quotation marks omitted). At the same time, however, the exceptions to discharge in the Bankruptcy Code prioritize considerations other than relief from indebtedness— § 523(a)(5), for example, reflects significant concern for the debtor's family obligations. *See Forsdick*, 812 F.2d at 802

("By virtue of § 523(a)(5), [C]ongress has chosen between two competing interests— those of bankrupts and those of their former spouses and offspring—and it chose in favor of the latter."); *see also In re Chang*, 163 F.3d 1138, 1140 (9th Cir.1998) ("The § 523(a)(5) exception to discharge strikes a balance between competing policies. On the one hand, the goal of providing a 'fresh start' to the bankrupt debtor requires that exceptions to discharge be confined to those plainly expressed. On the other hand, this court has recognized 'an overriding public policy favoring the enforcement of familial obligations.'" (quoting *Shaver v. Shaver*, 736 F.2d 1314, 1316 (9th Cir.1984)) (internal citation omitted)).

In order to promote the general goal of the Bankruptcy Code—that of providing bankrupt debtors a fresh start— the Supreme Court has cautioned that "exceptions to discharge 'should be'" *Kawaauhau v. Geiger*, 523 U.S. 57, 62, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) (quoting *Gleason v. Thaw*, 236 U.S. 558, 562, 35 S.Ct. 287, 59 L.Ed. 717 (1915)). Courts have held, however, that when due regard is given for the other policy priorities with which Congress was concerned in drafting the Bankruptcy Code, there is ample justification for construing certain statutory terms broadly, albeit within the confines of the narrow-construction rule. We have clearly stated that among the concepts to be given broad interpretation is the meaning of "in the nature of support." *See Spong*, 661 F.2d at 9; *Peters*, 133 B.R. at 295 ("The 'nature of support' is a broadly construed term in bankruptcy law."); *see also In re Kline*, 65 F.3d 749, 750–51 (8th Cir.1995) (explaining that "[a]lthough statutory exceptions to discharge normally are subject to narrow construction, ... exceptions from discharge for spousal and child support deserve a more liberal construction" (internal citation omitted)).

The bankruptcy court's factual determination that Maddigan's obligation to Falk & Siemer is in the nature of support for Maddigan's child comports with the record in the family court below, the applicable case law, and congressional intent. We thus find no error in this determination.

### C. Maddigan's Debt to Falk & Siemer Was Incurred "In Connection With" an Order of a Court of Record

The third and final requirement of § 523(a)(5) is that the debt be "in connection with a separation agreement, divorce decree or other order of a court of record." 11 U.S.C. § 523(a)(5). The judgment for legal fees in the family court's determination of custody is a debt "in connection with" an order of a court of record. *See Peters,* 124 B.R. at 435, 436; *cf. Akamine,* 217 B.R. at 109–10 (holding that a debt is not "in connection with" a court's order when that order only acknowledges a burden the debtor had already incurred). This element of the statutory provision is clearly met.

### CONCLUSION

For the foregoing reasons, we affirm the district court's judgment that Maddigan's obligation for legal fees imposed by the family court during the proceeding for custody of Maddigan's daughter was nondischargeable in bankruptcy pursuant to § 523(a)(5).