■ In the Matter of PAMELA J. ROSS, Respondent, v GEORGE SPEROW, Appellant. [871 NYS2d 736]—

Malone Jr., J.

---

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two children (born in 1991 and 1992). The parties separated in 1995 and since that time their relationship has been contentious, with numerous petitions having been filed by both parties regarding custody and visitation. In 2005, a petition for violation of a prior order of custody and visitation was filed by the mother and, in response, multiple cross petitions were filed by the father alleging violations by the mother and seeking modification of custody. As is relevant here, in an August 2006 order resolving the parties' petitions, Family Court sustained the mother's motion for counsel fees and ordered that the father pay $5,000 of her counsel fees. The father subsequently filed for bankruptcy under chapter 7 of the Bankruptcy Code (11 USC) and, in schedule F of his petition, he listed the award of counsel fees as an unsecured debt. The father was discharged by order of the Bankruptcy Court in January 2007 and, shortly thereafter, the mother commenced the present proceeding in Family Court for the violation of a court order based upon the father's failure to pay the counsel fees.

Contending that the debt had been discharged in bankruptcy, the father moved to dismiss the petition. Family Court, among other things, concluded that the counsel fees awarded in its prior order were a nondischargeable domestic support obligation, denied the father's motion and granted the mother's petition in part, finding the father to be in violation of a prior order. The father now appeals.

At the outset, we note that state and federal courts have concurrent jurisdiction over the issue of the dischargeablity of a particular debt following the discharge of the debtor in bankruptcy (see *Chevron Oil Co. v Dobie*, 40 NY2d 712, 715 [1976]; *Barax v Barax*, 246 AD2d 382, 384 [1998]; *State of N.Y. Higher Educ. Servs. Corp. v Quell*, 104 AD2d 11, 14 [1984], *appeal dismissed* 64 NY2d 1129 [1985]; *see also Eden v Robert A. Chapski, Ltd.*, 405 F3d 582, 586 [7th Cir 2005]). Turning to the particular debt at issue, the father contends that the counsel fees, although awarded in the context of a Family Court proceeding regarding custody and visitation, were not "in the nature of support" for the parties' children. Under the Bankruptcy Code, "domestic support obligation[s]" are exempt from discharge in bankruptcy (11 USC § 523 [a] [5]). As is relevant here, a domestic support obligation is a debt "owed to or recoverable by . . . [a] child of the debtor or such child's parent . . . in the nature

of . . . support . . . [of the] child of the debtor or such child's parent, without regard to whether such debt is expressly so designated[,] . . . established [by] . . . an order of a court of record" (11 USC § 101 [14A] [A] [i]; [B], [C] [ii]). Inasmuch as the counsel fees concern the mother's legal fees incurred in a custody and visitation proceeding and that the fees are set forth in Family Court's August 2006 order, the issue before us is whether the award of counsel fees was in the nature of support of the mother or the parties' children.

To that end, when determining the effect of a debtor's discharge in bankruptcy on a particular debt, we begin with the " 'well-established principle of bankruptcy law that dischargeability must be determined by the substance of the liability rather than its form' " (*In re Maddigan*, 312 F3d 589, 594 [2d Cir 2002], quoting *In re Spong*, 661 F2d 6, 9 [2d Cir 1981]; *see In re Peters*, 964 F2d 166, 167 [2d Cir 1992], *affg* 133 BR 291 [SD NY 1991]). Here, while the award of counsel fees was not explicitly characterized as a support obligation in Family Court's order, "family court judges cannot reasonably be expected to anticipate future bankruptcy among the parties to a custody [or visitation] proceeding" (*In re Maddigan*, 312 F3d at 595), and our inquiry into whether the debt at issue is in the nature of support is undertaken "without regard to whether such debt is expressly so designated" (11 USC § 101 [14A] [B]). Accordingly, we must look not only to Family Court's order, but also to the record of the proceedings in determining the actual nature of the obligation (*see In re Cooper*, 91 Fed Appx 713, 714 [2d Cir 2004]; *see also In re Brody*, 3 F3d 35, 38 [2d Cir 1993]; *In re Herbert*, 321 BR 628, 631 [ED NY 2005]; *In re Wisniewski*, 109 BR 926, 929 [ED Wis 1990]).

With this in mind, a review of the record reveals that the mother's initial petition commencing the proceeding clearly raised issues of financial need and hardship. Similarly, the mother's motion for counsel fees, which was sustained by Family Court in the August 2006 order, proposed consideration of her circumstances as one basis for an award of counsel fees. Also informing our conclusion is Family Court's acknowledgment in its order that Domestic Relations Law § 237 (b)—which provides for consideration of "the circumstances of the case and of the respective parties" when awarding counsel fees to a parent in custody or visitation matters—furnished a basis for its award of fees (*see In re Bearden*, 330 BR 214, 224 [ND Ill 2005]). In light of the foregoing, and mindful that the term "in the nature of support" is to be given a broad interpretation in the context of the discharge of debt obligations in bankruptcy (*see*

*In re Maddigan*, 312 F3d at 596), we agree with Family Court's determination that the award of counsel fees in its prior order was, in part, "in the nature of support" and, therefore, excepted from discharge in bankruptcy.

Mercure, J.P., Spain, Carpinello and Stein, JJ., concur. Ordered that the order is affirmed, without costs.