NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0138-20

JAIME TAORMINA BISBING,

     Plaintiff-Appellant,

v.

GLENN R. BISBING, III,

     Defendant-Respondent.

_____

> **APPROVED FOR PUBLICATION**
>
> **July 7, 2021**
>
> **APPELLATE DIVISION**

Submitted June 3, 2021 – Decided July 7, 2021

Before Judges Fuentes, Whipple and Rose.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Sussex County, Docket No. FM-19-0324-14.

McNally & Associates, LLC, attorneys for appellant (Stephen B. McNally, on the briefs).

Einhorn, Barbarito, Frost & Botwinick, PC, attorneys for respondent (Matheu D. Nunn and Jessie M. Mills, on the brief).

The opinion of the court was delivered by

WHIPPLE, J.A.D.

In this post judgment matrimonial appeal, we consider whether a trial court may determine that plaintiff's obligation to pay defendant $425,000,

previously awarded in counsel fees, was non-dischargeable as a family support obligation in any federal bankruptcy proceeding[1] pursuant to 11 U.S.C. § 523(a)(5) (Section 5). Plaintiff, Jaime Taormina Bisbing, appeals from the July 31, 2020 Family Part order deeming the counsel fees non-dischargeable under Section 5. For the reasons expressed by Judge Michael C. Gaus in his thorough, well-supported, written decision submitted with the order, we affirm.

The background of this case was exhaustively discussed in Bisbing v. Bisbing, 230 N.J. 309, 312-13 (2017). There, the Supreme Court announced the rule that in all contested relocation disputes where the parents share legal custody, a best interest analysis is required to determine cause under N.J.S.A. 9:2-2 to authorize moving a child out of state, by weighing the factors of

---

[1] Under the Bankruptcy Code, domestic support obligations are non-dischargeable in Chapter 7, 11, 12, and 13 bankruptcies. Chapter 7, 11 U.S.C. §§ 701-784 provides for "liquidation," or the sale of a debtor's nonexempt property and the distribution of the proceeds to creditors. Chapter 11, 11 U.S.C. §§ 1101-1195, generally provides for reorganization, usually involving a corporation or partnership. A Chapter 11 debtor typically proposes a plan of reorganization to keep its business alive and pay creditors over time. People in business or individuals can also seek relief in Chapter 11. Chapter 12, 11 U.S.C. §§ 1201-1232, enables financially distressed family farmers and fishermen to propose and carry out a plan to repay all or part of their debts. Last, Chapter 13, 11 U.S.C. §§ 1301-1330, provides for adjustment of debts of an individual with regular income. Chapter 13 allows a debtor to keep property and pay debts over time, usually three to five years.

N.J.S.A. 9:2-4 and other relevant considerations. We need only repeat what is necessary to address the issues here.

The parties divorced in April 2014. One year later, plaintiff sought to relocate the children to Utah. Through this case's progeny, the Supreme Court directed a remand to determine if the relocation was in the children's best interests under the new standard. And subsequently, to determine counsel fees in defendant's favor. On remand, Judge Gaus held a plenary hearing and concluded the relocation was not in the children's best interests. He entered an order and a nearly two-hundred-page comprehensive opinion on June 25, 2019. Defendant was awarded $425,000 in counsel fees. Plaintiff did not appeal that order.

In October 2019, defendant moved to enforce the counsel fee award, but the motion was dismissed without prejudice. During that time, plaintiff filed two Chapter 13 bankruptcy petitions in the United States Bankruptcy Court for the District of New Jersey, which were later dismissed in March 2020. Thereafter, the court reinstated defendant's October 2019 motion and ruled on June 1, 2020, that the counsel fee award was non-dischargeable in bankruptcy under 11 U.S.C. § 523(a)(15) (Section 15). Again, plaintiff did not appeal.

Defendant then filed another motion seeking to have the fees deemed non-dischargeable under Section 5, and plaintiff simultaneously moved for

3

reconsideration of the June 1, 2020 order. The court entered an order the next month, finding the fee award non-dischargeable under Section 5. Plaintiff appealed that order, which now commands our focus.

As Judge Gaus's ruling is based on construction of law, our review is de novo: "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

The court granted defendant's request that the initial counsel fee award also be deemed non-dischargeable under Section 5, together with those fees awarded in the June 1, 2020 order. In granting this request, the motion judge undertook a thorough survey of relevant jurisprudence on the intersection of state family law and federal bankruptcy law. Relying on In Re Maddigan, 312 F.3d 589, 596 (2d Cir. 2002), the court held that whether an obligation is in the nature of support under Section 5 requires "broad interpretation" of the meaning of support, and that the substance of the liability controls.

The court found that the counsel fee award "is of the nature and substance of a domestic support obligation," such that the award is non-dischargeable under Section 5. The court denied plaintiff's request for reconsideration of the June 1, 2020 order, holding the counsel fee award would

be non-dischargeable pursuant to Section 15. Plaintiff alleged this denial was based on a "mistake, and a misstatement of the court's intention" and resulted in "blanket non-dischargeability."

I.

Plaintiff argues that the court erred by entering an advisory opinion, which are disfavored, because no bankruptcy action was pending at the time of the July 31, 2020 order. We reject that argument.

The court separately ruled that plaintiff's counsel fee obligation was non-dischargeable under both Sections 5 and 15. It is true, at the time of these orders, plaintiff's two bankruptcy petitions had been dismissed. However, the court reasoned that no bankruptcy petition needed to be pending as a prerequisite to a court determining the dischargeability of a fee award, citing plaintiff's two prior petitions and the ongoing fee dispute, which "convince[d]" the court that it could decide non-dischargeability.

New Jersey courts avoid rendering advisory opinions or functioning in the abstract. Crescent Park Tenants Ass'n v. Realty Equities Corp., 58 N.J. 98, 107 (1971); N.J. Tpk. Auth. v. Parsons, 3 N.J. 235, 240 (1949). We do not render recommendations, but rather, "decide only concrete contested issues conclusively affecting adversary parties in interest." Parsons, 3 N.J. at 240. Our courts will adjudicate those matters where the "litigant's concern with the

subject matter evidenced a sufficient stake and real adverseness." Crescent Park, 58 N.J. at 107.

Judge Gaus's order was not advisory. Nor was it novel. We have previously rendered opinions on non-dischargeability without a pending bankruptcy action. In Larbig v. Larbig, 384 N.J. Super. 17, 25 (App. Div. 2006), we analyzed whether language in a property settlement designating an obligation as non-dischargeable rendered the payments as "alimony, maintenance, or support" despite the lack of a pending bankruptcy proceeding.

Plaintiff's attempt to avoid paying the counsel fee award was not an abstract dispute but was appreciable at the time of the court's order. Plaintiff had already filed for bankruptcy twice by July 31, 2020. It was beyond debate that she was seeking a discharge of her obligation under the counsel fee award. While it is true the petitions had been dismissed at the trial level at the time of the order, the court reasonably concluded that in light of the ongoing controversy, defendant should be protected from any subsequent attempts to pursue bankruptcy or otherwise discharge this valid debt.

Despite the lack of a pending bankruptcy proceeding, there was clearly an ongoing dispute as to the payment of counsel fees, which presented an actual controversy over which the trial court had jurisdiction. Further, plaintiff herself raised the non-dischargeability of the counsel fee award before the

6

court when she filed a motion for reconsideration of the June 1, 2020 order. We conclude, as Judge Gaus did, the lack of a filed bankruptcy action does not bar review of non-dischargeability when the record itself presupposes it, as it did here.

II.

We also reject plaintiff's next argument that the trial court erred in finding the counsel fee award was a non-dischargeable support obligation. After awarding defendant counsel fees, the court granted defendant's motion seeking to have the fees deemed non-dischargeable under Section 15, and thus non-dischargeable in individual bankruptcies other than Chapter 13 filings. The record does not fully include the court's rationale for this award, but it reflects that the court stated defendant could file a subsequent motion seeking non-dischargeablity under Section 5.

Thereafter, defendant moved to establish the award's non-dischargeablity as a domestic support obligation under Section 5, and the court granted the relief, rendering the fee award non-dischargeable in <u>all</u> bankruptcy filings. The judge relied on our decision in <u>Orlowski v. Orlowski</u>, 459 N.J. Super. 95, 107-08 (App. Div. 2019), wherein we observed that the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), Pub. L. No. 109-8, 119 Stat. 23:

7

> [A]mended the Bankruptcy Code to clarify that a debt for a "domestic support obligation" owed to, or recoverable by, a spouse, former spouse, or child of the debtor in the nature of alimony, maintenance, or support of such spouse, former spouse, or child, established by a separation agreement, divorce decree, property settlement agreement, or court order is non-dischargeable.
>
> [(citing 11 U.S.C. §§ 101(14A), 523(a)(5), and (a)(15)).]

The Orlowski court, in addressing the enforcement of the counsel fee and forensic accountant awards through a qualified domestic relations order, cited to the holding from In Re Gruber, 436 B.R. 39, 43-44 (Bankr. N.D. Ohio 2010), that "a court-ordered obligation to pay an ex-spouse's counsel fees in matrimonial proceedings is a non-dischargeable domestic support obligation." Orlowski, 459 N.J. Super. at 108 (citing Gruber, 436 B.R. at 44).

The court here relied on Orlowski, and federal bankruptcy case law to support the proposition that counsel fee awards in matrimonial actions were domestic support obligations and thus non-dischargeable under Section 5. The judge bolstered his conclusion by finding the funds defendant expended here could have been used for the children's direct benefit by paying for tuition, child support, and other needs. He held the award had the ultimate effect of providing the parties' children with necessary support.

Next, Rule 4:42-9 permits an award of fees in a family action. Such fees may be awarded based on a weighing of the factors set forth in Rule 5:3-5(c):

> (1) [T]he financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award.

Typically, the award of counsel fees and costs in matrimonial actions rests in the sound discretion of the trial court. Williams v. Williams, 59 N.J. 229, 233 (1971) (citing Handelman v. Handelman, 17 N.J. 1, 7 (1954)).[2]

The question of whether an obligation to pay a counsel fee award can be discharged in the obligor's personal bankruptcy case is governed by Sections 5 and 15. These sections, in pertinent part, provide:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . .

---

[2] An award of fees will not be disturbed in the absence of a showing of an abuse of that discretion. Berkowitz v. Berkowitz, 55 N.J. 564, 570 (1970). Plaintiff did not specifically appeal the Section 15 finding, and thus we do not address it. R. 2:5-1(e)(3)(i); W.H. Indus., Inc. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 458 (App. Div. 2008) (citing Sikes v. Twp. of Rockaway, 269 N.J. Super. 463, 465-66 (App. Div. 1994)).

. . . .

(5) for a domestic support obligation; [or]

. . . .

(15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit . . . .

[11 U.S.C. § 523(a).]

The statute is consistent with the amendments contained in the BAPCPA. These amendments provide that in addition to domestic support obligations under Section 5, all obligations to a spouse, former spouse, or a child of the debtor not otherwise described in Section 5, incurred in connection with a divorce, separation, or related action, are non-dischargeable under Section 15.

11 U.S.C. § 101(14A) defines a "domestic support obligation" as:

[A] debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is --

(A) owed to or recoverable by --

10

A-0138-20

(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

. . . .

(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of --

(i) a separation agreement, divorce decree, or property settlement agreement;

(ii) an order of a court of record; or

(iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

This is the heart of the matter. Pursuant to 11 U.S.C. § 1328(a)(2), domestic support obligations as defined in Section 5 are not dischargeable in

11

bankruptcy cases filed under Chapters 7, 11, 12, or 13 of the Bankruptcy Code. However, obligations arising solely under Section 15 may be dischargeable in Chapter 13 filings.  11 U.S.C. § 1328(a)(2).  The public policy involved focuses on how "[C]ongress has clearly required the bankruptcy court to protect the rights of a former spouse receiving alimony at the expense of a debtor seeking a fresh start."  Fosdick v. Turgeon, 812 F.2d 801, 804 (2d Cir. 1987).

Federal courts have exclusive jurisdiction only over the dischargeability exceptions named in 11 U.S.C. § 523(c)(1).  Floyd v. Hill, 495 B.R. 646, 654 n.4, 5 (Bankr. D.N.J. 2013).  11 U.S.C. § 523(c)(1) currently names other paragraphs in 11 U.S.C. § 523(a) as being within the exclusive jurisdiction of the federal courts, but does not name either Section 5 or 15.  State courts thus share with federal courts the "jurisdiction and the ability to address dischargeability under" both Sections 5 and 15.  DiGiacomo v. DiGiacomo, 256 N.J. Super. 404, 408-09 (App. Div. 1992).  Thus, New Jersey courts may rule on the non-dischargeability of obligations in a divorce, as the Family Part

12

has "concurrent jurisdiction" with the federal courts in such matters. Winegarden v. Winegarden, 316 N.J. Super. 52, 57 (App. Div. 1998).[3]

While New Jersey courts clearly have jurisdiction over this matter, determining whether an obligation constitutes alimony, maintenance, or support is based on federal bankruptcy law. Loyko v. Loyko, 200 N.J. Super. 152, 156 (App. Div. 1985) (citing In Re Calhoun, 715 F.2d 1103, 1107 (6th Cir. 1983)). However, since New Jersey law was applied in the first place to fix the support obligation, it provides valuable guidance. Ibid. (citing In Re Williams, 703 F.2d 1055, 1057 (8th Cir. 1983)).

In Gruber, the Bankruptcy Court found that an award of counsel fees by the state court in a custody matter was made "for the express purpose of compensating the [p]laintiff for the [d]efendant's improper litigation tactics," which caused the residential parent to "expend resources unnecessarily— resources which would have undoubtedly gone to support the children." Gruber, 436 B.R. at 43. Gruber involved a debtor who refused to pay a counsel fee award arising from a proceeding concerning the health and welfare of the parties' children. Ibid. The Gruber court found that the award had the effect of providing the parties' children with necessary support. Ibid. It

_____

[3] Winegarden was decided in 1998 under a previous version of the statute. 316 N.J. Super. at 58-60. At the time, it held that concurrent jurisdiction existed only for Section 5. Id.

acknowledged that "in determining whether an obligation is actually in the nature of support, substance controls" and "the label attached to a payment is not dispositive." Ibid. (internal citations omitted). Further, the Gruber court found that even if the counsel fee obligation did not qualify as non-dischargeable under Section 5, it would nevertheless fall within the scope of a non-dischargeable debt under Section 15. Id. at 43-44.

In Maddigan, 312 F.3d at 595-97, the Second Circuit held that a debtor-father's court-ordered obligation to pay his former partner's counsel fees following a contested custody proceeding was "in the nature of support" and thus non-dischargeable in bankruptcy under Section 5. The Maddigan court applied a three-part test and held that the fee award was non-dischargeable, despite arising from a custody proceeding, rather than a child support proceeding. Id. at 595-97.

The Maddigan test involved three requirements for non-dischargeability: (i) the debt must be owed "to a spouse, former spouse, or child of the debtor"; (ii) "the debt must be 'actually in the nature of' (as opposed to simply designated as) alimony, maintenance, or support"; and (iii) "the debt must have been incurred 'in connection with a separation agreement, divorce decree or

14

other order of a court of record.'" Id. at 593.[4] While the three-part test arose from an older version of Section 5, and is thus not directly applicable here, the Maddigan court nonetheless concluded that obligations in the nature of support can include the duty to pay a former spouse's counsel fees incurred in connection with a "divorce proceeding, the obtaining and enforcement of alimony and/or support awards, or for custody disputes." Id. at 595 (emphasis omitted) (quoting In re Peters, 133 B.R. 291, 295 (S.D.N.Y. 1991)).

We conclude that the court properly determined the counsel fee award here to be non-dischargeable under Section 5, as it was a domestic support obligation and was "in the nature of support." This matter involved defendant's attempt to preserve his ability to visit with his daughters regularly, despite plaintiff's attempt to relocate them across the country. The trial court's findings here further established that the funds in this matter could have been used for the children's support, such that the counsel fee award was tantamount to an award of support to defendant for the benefit of the children.

### III.

Next, plaintiff argues that the court erred in retroactively deviating from the counsel fee award in the June 25, 2019, order. We disagree.

---

[4] These requirements are based on the version of the statute in effect at the time, prior to the 2005 amendments.

A-0138-20

When the court awarded defendant $425,000 in counsel fees it balanced "all the referenced factors," and found the primary factors impacting its decision were the legal issue at stake; the financial circumstances of the parties; their ability to pay fees; the payments already made; the bad faith of plaintiff; the results obtained being significantly favorable to defendant, the appropriateness; reasonableness; necessity of the fees that had been billed; the roughly equivalent amount of fees charged by both sides; and the minimal amounts of fees that had been previously awarded.

Here, the court's subsequent orders did not substantially deviate from the findings in the June 25, 2019 order. As described, that order did not limit the basis for the fee award to plaintiff's bad faith, but instead included that among a litany of factors favoring an award of fees to defendant. Its analysis did not consider the issue of counsel fees as support. When later presented with the opportunity for the first time, the court expanded its initial analysis and clarified that the award of fees was truly in the nature of support. The court did not reject or overlook its earlier findings as to plaintiff's bad faith or the financial circumstances of the parties. Moreover, the court is correct that Gruber found a counsel fee award to be a domestic support obligation where the defendant's improper litigation tactics required the plaintiff to expend resources. Gruber, 436 B.R. at 43.

16

IV.

Plaintiff argues that <u>In Re Gianakas</u>, 917 F.2d 759, 760 (3d Cir. 1990), controls a determination of non-dischargeability and requires consideration of economic disparity before any award is entered that can be considered support. We do not consider it as controlling under this record.

In <u>Gianakas</u>, a former husband agreed to undertake the remaining payments on a second mortgage as part of a marital settlement agreement. <u>Ibid.</u> Later, when he filed for Chapter 7 bankruptcy protection, his former wife alleged that the second mortgage debt was non-dischargeable because it was in the nature of alimony, maintenance, or support under an earlier version of the statute. <u>Id.</u> at 760-61. The court pondered "which factors should be considered by the bankruptcy court in determining whether an obligation <u>arising out of a divorce settlement</u> is in the nature of alimony, maintenance, or support for the purposes of the Bankruptcy Code." <u>Id.</u> at 762 (emphasis added). The court concluded that such a determination requires examination of three "principal indicators," namely: (i) "the language and substance of the agreement in the context of surrounding circumstances"; (ii) "the parties' financial circumstances at the time of the settlement"; and (iii) "the function served by the obligation at the time of the divorce or settlement." <u>Id.</u> at 762-63.

17

A-0138-20

Gianakas is distinguishable from this matter because it involved a financial obligation which the debtor undertook voluntarily as part of a marital settlement agreement. Id. at 760-61. And, contrary to plaintiff's argument, the court provided an extensive analysis of the parties' financial circumstances in its June 25, 2019 order, and referenced that analysis in the July 31, 2020 opinion.

We have reviewed all of plaintiff's remaining arguments and determine they are not worthy of further discussion in a written decision, Rule 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0138-20